WHITE et al. v. AMERICAN EMPLOYERS
INS. CO. et al.

No. 2129.

Court of Appeal of Louisiana. First Circuit.

Oct. 3, 1940.

Argued before LE BLANC, DORE, and OTT, JJ.

J. Oliver Bouanchaud, of Baton Rouge, for appellant.

Fred G. Benton, of Baton Rouge, for appellee.

DORE, Judge.

Plaintiffs, husband and wife, seek damages from W. E. Anderson and his insurer, in solido, in the amount of $1,362 on behalf of the husband for the value of the automobile, medical expenses and loss of salary, and in the amount of $45,000 on behalf of the wife for personal injuries, pain and suffering, arising out of a collision between an automobile driven by the wife and one driven by the defendant Anderson, occurring a few minutes after noon on June 21, 1938, about one-half mile below Plaquemine. Mrs. White was driving north on the paved highway between White Castle and Plaquemine in the act of delivering a bottle of milk to an employee of the T. & P. Railway Co. who had replaced her husband for that day, and in order to do so she had to make a left hand turn in a diagonal way to reach, by a side road, her destination. The defendant Anderson was driving south towards the City of Thibodaux where he was to be present at a meeting at about two o'clock that afternoon.

Mrs. White, after having made the left hand turn and after having traversed the paved highway and into the side road for

some ten feet, was struck a violent blow on the front right wheel and fender of her car by the left front of defendant Anderson's car, knocking her car around and down the west shoulder of the paved highway some thirty-five feet, her car coming to rest with its front turned facing the south, the direction from whence she had come, three feet from the pavement. Defendant Anderson's car travelled some forty feet from the point of impact and came to rest on the west side of the paved highway on the edge of a pit twenty-two feet from the pavement. Both cars were practically demolished.

There was judgment in favor of Mr. White in the sum of $962 and in favor of Mrs. White in the sum of $8,000. The defendants have appealed, and both plaintiffs have answered the appeal, praying that the judgment be increased to the amount originally demanded.

It is plaintiff's contention that the cause of the accident was the negligence of defendant Anderson in driving at an excessive rate of speed, not keeping a proper lookout, and not having his car under proper control.

Mrs. White testified that she was driving north on the paved highway at a slow rate of speed, behind a slow-moving truck, not exceeding ten miles an hour; that due to the shortness of her route or travel on the paved highway, she living in the immediate neighborhood, it was not necessary to pass the truck; that she was some two hundred feet in the rear of this truck; that, upon reaching the side road leading in a diagonal way from the pavement, before turning to her left into said side road, she looked to the rear and in front of her, and gave the necessary left hand turn signal; that she saw that no one was approaching from the rear; and that the only traffic objection to her making this left hand turn from the north or in front of her was a horse-drawn cart coming in her direction some two hundred feet or more away, and truck proceeding in front of her some three hundred feet; that, at that time, the Anderson car was not yet in her vision, regardless of the fact that it was a clear day and the highway was straight for about a half mile; that she made a slow and gradual turn to her left and entered the side road; that she had practically cleared the pavement and had preempted the side road for a distance of ten feet when struck by the Anderson car, she not seeing the Anderson car until just before the collision.

Anderson's testimony is to the effect that he was driving south on the highway at about the rate of 45 to 50 miles per hour; that shortly after he passed a horse-drawn car, which was on the shoulder of the pavement, he passed a large truck on his left going in the opposite direction; that, at about the time the radiator of his car was even with the radiator of the passing truck, Mrs. White suddenly pulled out from behind the truck into his lane of traffic; that he was of the impression that Mrs. White was attempting to pass the truck, and that he therefore pulled to his right in order to get on the shoulder and to give Mrs. White ample space to pass between the truck and his car; that he did not know of any side road or lane leading from the pavement to the west, there being no traffic sign indicating such a side road, and that he had no indication that Mrs. White had any intention of turning to the left; that at the time Mrs. White turned from behind the truck he was only 30 to 35 feet from her, and that he immediately applied his brakes and pulled further to his right in an effort to miss Mrs. White, but that he was unable to do so, and struck her car off of the pavement.

Mrs. White and Mr. Anderson were alone in their respective automobiles. The evidence is replete to the effect that there was a truck preceding Mrs. White, in which there were three persons. However, none of these individuals was a witness in this case. It is shown, though, that efforts were made to locate them in order to secure their testimony, but to no avail. It appears that after the collision, these people stopped their truck and came to the scene, and then disappeared after a short while. Their absence as witnesses cannot be blamed on any of the parties in this suit. The only other eye witness to the accident who testified in this case is the driver of the horse-drawn cart. He testified that he was travelling south on the shoulder, or "mud" as he puts it, of the pavement, in a horse-drawn cart, leading a horse on the right, when, at about three hundred feet from the scene of the accident, he was passed by a truck; that prior thereto he had perceived that Mrs. White had been following this truck; that after the truck had passed him Mrs. White made a left hand turn across the pavement, and

that just as her car was moving off of the pavement, he then being about two hundred feet from the point of collision, Anderson's car passed him at a very rapid speed. He states further that Anderson applied his brakes, and that due to his fast rate of speed he expected Anderson's car to turn over; that Anderson's car was wobbling back and forth in his attempt to stop the car, finally leaving the pavement and striking Mrs. White's car when the latter was practically off of the pavement and on the dirt road. He corroborates Mrs. White's testimony as to her speed and her manner of executing the left turn. His testimony was sought to be impeached by the filing of a statement made by him two days after the accident and taken by an insurance adjuster, but it is evident that all his explanations of seemingly contradictory statements are reasonable, and at least were satisfactory to the trial judge who saw and heard this witness testify.

The physical facts clearly show that Anderson was going at a very high speed and that the White car did not suddenly come from behind the truck in the path of the Anderson car. The uncontradicted evidence is that the White car was struck after it had negotiated the pavement and while it was on the dirt road, and it is shown that the impact caused the White car to be knocked some twenty-five to thirty feet and came to rest facing the opposite direction, while the Anderson car came to rest some forty feet from the point of impact. The Anderson car had skidded some fifty feet on the pavement and some twenty feet on the dirt road prior to the impact, thus traversing some seventy feet under brakes prior to impact, and forty feet after the impact, making a total of one hundred and ten feet. It is obvious that Anderson was travelling at a high rate of speed; it is also obvious that he must have seen the White car in its negotiation of its left turn from a distance of more than seventy feet.

The White car was travelling on its right side of the highway and made a slow left, diagonal turning movement across the pavement and proceeded some ten feet on the dirt side road before being struck, thus traversing some twenty feet or more. In accordance with the evidence and physical facts, Mrs. White was travelling at the rate of 8 to 10 miles per hour, while Anderson was travelling at a rate of six to seven times that fast, thus travelling some 120 to 140

feet while Mrs. White was making the left hand turn and in reaching the point of collision. Under these circumstances, he should have seen the White car in its turning movement in sufficient time to have stopped his car or at least to have gone in the rear, had he been driving at a proper speed with his car under proper control.

■■■ As to the question of contributory negligence on the part of Mrs. White, the worst that can be said is that she failed to see the Anderson car until just prior to the collision. It appears that the Anderson car must have been some three hundred feet or more ahead of her, coming in her direction, when she started to make the left turn. If she did look, as she says she did—and like the district judge we see no reason to disbelieve her—and saw no oncoming traffic save the horse-drawn cart, for more than two hundred feet, she was not, as a matter of law, guilty of negligence. While a motorist in making a left hand turn on a highway in the face of oncoming traffic is required to exercise great caution and see that such turn can be made in safety, such a rule does not prevent the motorist from making the left hand turn if the oncoming traffic is of a sufficient distance to permit the execution thereof prior to the reaching of the oncoming traffic at the turning point. In judging whether or not such a left hand turn can be made in safety, a motorist has the right to assume that the oncoming traffic is travelling at a lawful speed and that the driver thereof is exercising a proper lookout and has the vehicle under proper control. Blashfield Cyclopedia of Automobile Law and Practice, Perm.Ed., Vol. 2, § 1049; Brown v. Dalton, La.App., 143 So. 672. Under the facts and circumstances of this case, we, like the district judge, have come to the conclusion that Mrs. White was not guilty of contributory negligence, and that the accident was caused solely by the negligence of defendant.

### Quantum.

■■ The amount awarded to Mr. White was clearly proven, and does not seem to be disputed. Mrs. White suffered a laceration of the right elbow, contusion of both sides of the chest, contusion of the left knee, and injury to her right knee, the latter being the most serious of all, being a comminuted fracture of the anterior margin of the patella, a laceration of the super patella and verna and a laceration of the patella Leo. She was taken to a hospital immediately after the accident and remained there un-

der treatment and observation. Undoubtedly, she suffered much shock and pain. Her injuries seem to be similar and of about the same seriousness as those received by the plaintiff in the case of Langley v. Viguerie .et al., 189 So. 606, wherein the Court of Appeal for the Orleans Circuit allowed $6,000. The judgment in Mrs. White's favor will therefore be reduced to this amount.

For the reasons assigned, the judgment, in so far as in favor of Mr. White, is affirmed, but as to Mrs. White it is ordered reduced to the amount of $6,000, and as thus amended affirmed, the cost of this appeal to be paid by Mrs. White, all other costs to be paid by defendants.