This is an action in which plaintiff seeks to recover damages to a school bus of which he was the owner and operator, together with damages for personal injuries and expenses resulting from a collision between plaintiff's school bus and an automobile owned and operated by the defendant, Dr. Sentell. The liability insurer of defendant, Sentell, was also made a party defendant. Plaintiff claimed a total sum of $1,567.51. After trial on the merits there was judgment in favor of plaintiff fixing the amount of recovery in the sum of $621.17. From this judgment defendants have appealed.
About 8:00 o'clock A. M. on January 26, 1944, plaintiff was driving his school bus East along highway 80. At a point directly opposite an establishment known as El Rancho, which is a combination restaurant and bar, plaintiff brought his school bus to a complete stop, well on his right-hand side of the highway, after having properly signaled traffic on the highway by means of extending a red flag from one of the front windows of the bus, which operation was performed by one of the passengers. The red flag was affixed to a stick or staff some three feet in length and was extended additionally to the full arm length of the passenger, one C.W. McCormick. Unquestionably, the flag was clearly visible to traffic in both directions along the highway. The testimony shows that the flag was picked up outside of the school bus after the accident, which fact corroborates the testimony of McCormick to the effect that at the moment of the collision he dropped the flag and jerked his arm back within the bus.
Traffic proceeding East on the highway appeared to be particularly heavy at the time, but all vehicles behind the school bus came to a complete stop on observing the signal, in accordance with the requirements of law.
Plaintiff, driver of the bus, testified that he checked the following traffic in his rear view mirror; that he observed the highway ahead of him, and, seeing no approaching traffic, made his turn across the highway to the north for the purpose of pulling into the parking lot immediately in front of El Rancho in order to pick up two school children, whose parents were the operators of the establishment and who lived on the premises. The point of the turn appears to have been the easterly limit of the school bus route and it was customary for the operator to accomplish this maneuver at this place, after which he reversed direction and proceeded west along the highway en route to the Haughton School in Bossier Parish. *Page 261 
A space of about forty-five feet in depth and between one hundred and one hundred eighty feet in width immediately adjacent to the highway in front of El Rancho is graveled for use as a parking area. It appears that the point of turn of the bus was some fifty feet, more or less, from the easterly limit of this parking area.
As plaintiff was negotiating his left turn across the highway he observed defendant's automobile approaching from the East at a distance of some seventy-five yards. At this time the school bus had completely blocked the north lane of the highway along which the automobile driven by defendant, Sentell, was approaching. It is clear that plaintiff had no opportunity to avoid the collision. Sentell's car crashed into the front portion of the bus at a point at or immediately behind the right front door with a force of such severity as to overturn the bus, which, according to undisputed testimony, weighed sixty-eight hundred pounds when empty. At the moment of the impact the front portion of the bus had cleared the highway and was on the graveled area but the body of the bus blocked the north lane of the highway, as above noted.
Plaintiff's petition charges the negligence of the defendant, Sentell, as being the proximate cause of the accident, in four counts, namely; failing to keep a lookout; driving at an excessive rate of speed; failure to have his automobile under control; and failure to observe the law by heeding the school bus signal flag.
Defendants denied all charges of negligence on the part of Sentell and set up proximate contributory negligence on the part of plaintiff in that he failed to come to a stop on the right side of the road before attempting to cross the highway; that he failed to observe the approach of the Sentell automobile; or, alternatively, if he did observe same, that he imprudently left a place of safety at a time when the near approach of the Sentell automobile rendered an accident inevitable; that he failed to yield the right-of-way to the Sentell automobile approaching from the opposite direction in its proper highway lane; that he attempted to turn across the highway when the way was not clear; that he failed to assure the safe movement of the bus across the highway before attempting same, and that he failed to give the signals required by law.
While defendants' earnest counsel urge before this Court that this case involves a misapplication of the law, we are constrained to disagree with this argument. In our opinion the proper determination of this matter rests exclusively and entirely upon a resolution of the facts involved.
Fortunately, most of the testimony bearing on substantial questions of fact is not disputed. The only conflicts which are developed by the record appear to be with reference to the speed of the Sentell car and the distance at which Sentell could have observed the movement of the school bus.
For a period of several miles, before reaching the situs of the accident, plaintiff's bus had been following some fifty yards behind a one and a half ton Chevrolet stake body truck, over which a tarpaulin had been spread. This truck was in the service of the. United States Board of Health and was driven by a Mr. J.C. Champion. Seated on the back end of the truck were two men who were facing to the rear and who had at all times a clear and unobstructed vision of the vehicles and of the accident itself.
It is definitely established that the Chevrolet truck and the school bus were proceeding at an even rate of speed of some 20 to 25 miles per hour, separated by a distance of some fifty yards. When plaintiff began the operation of bringing his bus to a complete stop the truck proceeded on its easterly course at the same speed. It is therefore obvious that the distance between the vehicles increased considerably during the time that plaintiff brought the bus to a stop, observed traffic and began his turn across the highway. This fact is of considerable importance in corroboration of the testimony of the driver and the two passengers in the truck to the effect that the Sentell car passed the truck at a point some one hundred to one hundred fifty yards ahead of the school bus at the very time it was engaged in a turning maneuver. The testimony of these three witnesses fixes the speed of the Sentell *Page 262 
car at the time of passing at between sixty to eighty miles per hour.
This estimate of speed is stoutly contradicted by Dr. Sentell and his wife, who accompanied him at the time, who fixed the speed at something in the neighborhood of thirty-five or forty miles per hour.
In addition to the testimony of the witnesses who observed the rate of speed of the Sentell car immediately prior to the moment of impact, uncontrovertible evidence of excessive speed is found in the fact that the severity of the impact was sufficient to violently overturn a vehicle which weighed well more than three tons, excluding the weight of the driver and passengers, which is not shown.
There were no evidences on the highway of any marks which attested to the setting of the brakes of the Sentell car, and, according to the testimony of Dr. Sentell himself, he was so close to the bus at the time he observed its position that it was impossible for him to do anything except to try to cushion the impact by turning slightly to the right in order to effect a glancing blow rather than a head-on collision by the entire front end of his car.
The version of the accident as given by Dr. Sentell in his testimony is that plaintiff turned his bus directly across the road at a time when Sentell's car was not more than fifty to seventy-five feet away, and that the operation of the bus was masked from the view of defendant, Sentell, by the tarpaulin-covered Chevrolet truck. Convinced as we are of the absolute good faith of this witness, we are forced to reject this conclusion as being directly opposed to the facts established by an overwhelming preponderance of the testimony.
There is no question in our minds as to the fact that Dr. Sentell had a clear and unobstructed view ahead when he was a considerable distance from the point at which the collision occurred, and that, had his speed been reasonable under the circumstances, his attention vigilant, and his car under proper control, he had every opportunity to avoid the collision.
The several charges of negligence asserted by plaintiff have been well established. It is clear that the defendant, Sentell, did fail to keep a proper lookout; that he was driving at an excessive rate of speed; that he did not have his car under control; and that he did not observe the signal flags on the school bus. We are further convinced that defendants have failed to sustain the counter charges of negligence against plaintiff.
It is strenuously argued on behalf of defendants that plaintiff was under a legal duty to observe the highway to the East, and that his failure to note the approach of the Sentell automobile constituted contributory negligence which was the proximate cause of the accident. We do not find it so under the facts of this case. It is shown that some four hundred yards East of El Rancho there is a slight curve in the highway. Taking into consideration the time element necessitated in performing the operation in which plaintiff was engaged, and being convinced of the excessive speed at which the Sentell car was being operated, we think it entirely reasonable to conclude that the car was not within the view of plaintiff at the time he began to negotiate the left turn across the highway. This operation consumed several seconds in which period of time the Sentell car was approaching at an excessive rate of speed.
There can be no slightest doubt on the point that Dr. Sentell could and should have seen the bus at a distance which would have permitted him to bring his car completely under control. His failure so to do, coupled with the excessive speed of the automobile, was the sole and proximate cause of the accident. Miraculously, aside from slight injuries to the plaintiff, none of the school children on the bus were injured, despite the fact that it was overturned, and though Dr. and Mrs. Sentell were painfully and seriously injured they escaped death.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.
KENNON, J., recused. *Page 263