McINNIS, Judge ad hoc.
This suit follows an accident in which a 1948 Chevrolet pickup truck owned by J. W. Warren, owner and operator of a funeral home at Zwolle, Louisiana, known then as Massingill Funeral Home, and a Ford half ton pickup truck owned by Major Oil Company, were involved on October 12, 1949. The Warren truck was being driven *327 by a negro employee, L. S. Barrett, and another negro named Albert Sibley was riding with him on the seat in the cab of the truck. The Ford truck was being driven by D. W. Tuttle, employee of defendant. Plaintiff was the collision and upset insurer of Warren, and it paid $466.40 on the repair bill and claims this sum as subrogee under the terms of the policy.
Several exceptions to the petition were filed, but they were taken care of by allegations in supplemental petitions.
Both trucks were traveling on what is known as the Zwolle-Alliance road, which ■is a graveled road some twenty-four feet wide. Both were traveling toward Zwolle, in a northerly direction.
The allegations of plaintiff’s petition on which it depends for recovery are that on the day of the accident the Warren truck was being operated at a speed of 35 to 40 miles an hour, and that as it approached the Ford truck, the driver of the Warren truck blew the horn several times at about 100 feet to the rear of the Ford, pulled to the left to get in passing position and again sounded the horn at about 20 feet to the rear of the Ford, but despite these warnings, the driver of the Ford made a sharp left turn across the road without giving any signal of any kind indicating that he intended to make a turn, and the driver of the Warren truck was unable to avoid the collision, although he applied the brakes and swerved to his left. The following specific acts of negligence, alleged to be the sole cause of the accident, are charged to the driver of the Ford truck:
(a) Turning left across the highway in the path of an approaching vehicle at a time when it was not safe to do so
(b) Turning left without giving appropriate signal
(c) Failing to have the truck properly equipped with a rear view mirror
(d) Failing to hear and heed the signals given by the horn of the Chevrolet
(e) Leaving a place of safety and entering the path of the Chevrolet truck despite the proximity of the Chevrolet
(f) Driving into the left side of the highway.
■ In the alternative, plaintiff says that if it should be determined, that Barrett, the driver of the Chevrolet truck, was in any way negligent, then that Tuttle (driver of the Ford truck) had the last clear chance to avoid the accident, in that had he been listening he would have heard the horn of the Chevrolet in ample time to have remained on his own side of the road, and the last clear chance is specially pleaded.
Defendant’s answer denies all of the allegations of negligence charged to its driver, and further answering, and assuming the position of plaintiff in reconvention, alleges :
“Respondent further shows that the driver of the said Chevrolet truck, Leon Dir Ling Barrett, an employee and agent'of J. W. Warren, was negligent in the following respects:
“(a) Failing to keep the. vehicle under control
“(b) Travelling at an excessive rate of speed
“(c) Attempting to pass said pick-up Ford truck, which was travelling in the same direction at an intersecting road.”
In the alternative, if the court finds the driver of the defendant’s truck in any way negligent, defendant says that Barrett, driver of the Chevrolet truck, had the last clear chance to avoid the accident, in that if he had been observing the road ahead he would have seen the Ford truck making a left hand turn into the intersecting road in ample time to have avoided the collision, and for the further reason that the road was about 30 feet wide, in good condition and there was ample room for him to have passed on the right hand side, and the last clear chance is specially pleaded.
In reconvention, defendant says its Ford truck was damaged in the amount of $300, for which J. W. Warren and plaintiff are indebted to it, alleging that at the time of the accident, there was in force a policy of public liability and property damage insurance issued by plaintiff in favor of Warren, agreeing to indemnify him for all claims of damage arising out of the operation of the Chevrolet truck with his permission, knowledge or consent.
*328 The prayer of the answer is for judgment rejecting the demands of the plaintiff, and for judgment in reconvention for $300.
After trial the District Court, assigning written reasons, rejected the demands of the plaintiff at its cost, and also rejected the reconventional demands of defendant at its cost.
From this judgment only the plaintiff appealed, and as no answer to the appeal has been filed, the reconventional demand passes out of the case.
Early in the trial of the case, plaintiff objected to any evidence that would enlarge the pleadings so as to supply a plea of contributory negligence, and this objection was sustained and made general to apply to all evidence that might have the effect of enlarging the pleadings.
The questions presented are thus narrowed to whether pr not the driver of defendant’s truck was guilty of any. negligence, and if so, whether or not the driver of the Warren truck had the last clear chance to avoid the accident, because in our opinion, the plea that the driver of the Warren truck had the last clear chance will not supply a plea of contributory negligence, and if it be shown that defendant’s driver was guilty of any negligence at all that contributed to the happening of the accident, it is liable unless the last clear chance charge be sustained. Employers’ Fire Insurance Company v. Rodgers, La. App., 47 So.2d 404. In the cited case both drivers were found negligent, but plaintiff recovered because defendant had not pleaded contributory negligence.
In our opinion some of the charges of negligence against the driver of defendant’s truck are made out. The happening of the accident itself proves that this driver turned left across the highway in the path of an approaching vehicle when it was .not safe to do so. All the evidence, including that of the driver of the Ford truck, shows that he made the left turn without giving any signal that he intended to do so. The two negros, -Barrett and Sibley, say the horn was sounded a number of times. Tuttle says he did not hear it, but this is negative testimony.
It may well be that the speed of 40 miles an hour of the Warren truck contributed to the happening of the accident. The charge that he was attempting to pass at an intersection is not made out. The side road that Tuttle was undertaking to turn into is a private road for use of the -oil company, leading to an oil well about 200 feet from the road, and should be classed as a private road or driveway.
The District Judge did not believe the two negroes, partly because one of them, Sibley, placed the Chevrolet truck beyond the Ford truck after the cars came to rest, and partly because the other negro, Barrett, testified that there was no rear view mirror on the Ford truck. However, this is of little importance because Tuttle does not claim that he looked in the mirror, but said he looked out of the left door and saw no vehicle approaching. The left door of the Ford was entirely off before the accir dent and that is the way he claimed he looked back. The two drivers of the trucks, Barrett and Tuttle, both placed the Ford truck beyond the Chevrolet after the accident, and it must actually have been where these two witnesses placed it. The District Judge said also that he was impressed with the straightforward manner in which Tuttle gave ¡his evidence. However, near the close of his written opinion, in discussing the reconventional demand, he said: “I am likewise of the opinion that since Mr. Tuttle knows so little about what happened immediately prior to the accident, that the plaintiff in reconvention has failed to prove his claim as has the original plaintiff * * * and that the demands in reconvention should be also rejected.” '
From this statement of the District Judge, it is evident that he did not believe that the accident was caused solely by the negligence of Barrett, the driver of the Chevrolet truck, and we are of the same opinion. , Making left hand turns are dangerous and drivers of motor vehicles must exercise all due caution to see that the operation can be carried out with safety. The record, we think, shows that Tuttle gave no signal of his intention to make a left turn into this private side road, which was not an intersection in the usual understanding of highway intersections, and if he *329 looked back as he said he did, he should have seen the Chevrolet truck approaching him from the rear, and this being so, we are forced to the conclusion that he was negligent at least to this extent.
Only three acts of negligence are charged against Barrett, the driver of the Chevrolet truck. They are (1) failing to keep the vehicle under control, (2) traveling at an excessive rate of speed, and (3) attempting to pass the Ford pickup at an intersecting road. We have already found that this was not a road intersection in the ordinary term, and the record does not disclose that Barrett was traveling more than forty miles an hour, but conceding that this was too fast to be driving in approaching and attempting to pass another vehicle, and conceding that he failed to have the vehicle under control, we are of the opinion that these acts of negligence were not the sole and proximate cause of the accident.
For the reasons assigned, the judgment appealed from is reversed, and it is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, The Fidelity and Casualty Company of New York, and against the defendant, Major Oil Company, for $466.40, together with the legal interest thereon from October 12, 1949 until paid, and for all costs of this suit,in both courts.