GLADNEY, Judge.
This suit involves an intersectional collision which occurred about 8:00 o’clock A.M. on February 7, 19S5, at the corner of Parnell and Travis Streets in West Monroe, Louisiana. Plaintiff’s wife, Mrs. E. H. Williamson, was driving a Buick automobile and Roland J. Thomas, defendant’s insured, was the operator of a Nash car at the time of the accident. Following a trial on the merits judgment was rendered in favor of plaintiff for $247.18, being the amount of damages' sustained by the Buick. From the judgment defendant has appealed.
The petition charges the accident was due to several acts of negligence by Thomas, in that he was driving at an excessive rate of speed, in not having his automobile under control, by driving on the wrong side of Travis Street, and in failing to keep a proper lookout. The defendant through its answer denies the charges so made, averring that the accident was caused by the failure of Mrs. Williamson to maintain a proper lookout, in not yielding to Thomas the right-of-way accorded by the city ordinance to vehicles moving on Travis Street, and by entering the intersection when it was unsafe to do so. Alternatively plead is the contributory negligence of the driver of the Buick car, based on the grounds just enumerated. In written reasons, for judgment assigned by the judge a quo the entire responsibility for the accident was assessed to Thomas.
The intersection in question is not regular in the sense that the two streets go straight across each other. Parnell Street continues straight through Travis Street but an offset of about IS feet occurs in the latter, the portion thereof west of Parnell being to the south- of that east of Parnell. Thus, a motorist- traveling west .along *245 Travis Street in order to continue across Parnell Street would find it necessary to turn his vehicle slightly to the left to negotiate the crossing. Parnell and Travis Streets are black topped without curbing. Travis enjoys the status of a right-of-way street by virtue of a city ordinance. In the northwest corner of the intersection there is a paved parking area for the convenience of the West Monroe High School. Its surface is level with and easily accessible from either Parnell or Travis Street.
Mrs. Williamson testified that she, accompanied by her husband seated to her right, was traveling north along Parnell Street when, in obedience to a stop sign located near the southwest corner of the intersection, she brought the Buick to a stop about 15 feet south of the southeast corner of the intersection. From that point she and Mr. Williamson looked to the right and left and, observing no vehicle approaching from either direction, she started forward and brought her car to a second stop with its front bumper parallel to the south side of Travis Street. From this stopped position she then saw the Nash automobile approaching from her right at a distance of about 150 feet and traveling at a speed which she estimated to be 40 miles per hour. Both she and her husband were positive the Buick car was not moved from that point prior to the collision. They sa}' the accident was caused by Thomas swerving his car to the left and striking the stopped Buick. It was further testified that immediately after the accident Thomas approached them and admitted his fault, saying that his glasses and windshield were fogged and that he did not see their car before the collision. Williamson also declared Thomas told him he “gunned it thinking I could beat you”. The testimony of Mr. and Mrs. Williamson was strikingly similar as to nearly all the details related by them. Harold B. Gentry, the only other witness produced by plaintiffs, was the mechanic who repaired the Buick automobile. He testified its frame and the bumper were bent to the left.
Thomas testified that at the time of the accident he was on a mission to the high school; that he entered Travis Street one block from Parnell and in going west along Travis Street had reached a maximum speed of about 25 miles per hour, which speed was reduced upon nearing the intersection with Parnell Street because of the school zone; that he was traveling about 15 miles per hour when the two automobiles collided in the middle of the intersection; and that he did not see the Buick automobile prió'r to the collision. He positively denies he made the culpatory statements attributed to him by plaintiff and his wife. The witness further related the damage to his car was confined to the left rear door and left rear fender, the door being caved in. He said that at the moment of the collision he was thrown across the seat and his car moved forward some distance before he could bring it under control.
Appellant earnestly contends the judgment is in error in failing to find negligence by Mrs. Williamson was a proximate cause of the collision. It is argued with considerable merit that it was physically impossible for the accident to have occurred in the manner related by plaintiff and his wife. In support of this it is pointed out that the damage to the Nash automobile was inflicted upon the left rear door and left fender and that Thomas’ car did not skid into the Buick automobile. Therefore, counsel assert it would have been impossible for the Nash to have been so damaged unless the Buick was moving forward at the time of the impact.
The circumstances militate strongly against the version of the accident as related by plaintiff and his wife. Both stated Thomas indicated to them the accident was his fault, that he was driving too fast and that he could not see well as his glasses were fogged up. And plaintiff further testified Thomas told him: “I gunned it, thinking I could beat you.” We confess we are hesitant to concede Thomas would in almost the same breath make such inconsistent statements. Except as it affects the credibility of the witnesses, how *246 ever, this point is relatively unimportant, for the reason that Thomas frankly admits he did not see the other vehicle and certainly in this respect he was guilty of negligence in failing to maintain a proper lookout.
The location and extent of damages sustained by the two vehicles has convinced us the Buick did not remain at a stop with its bumper parallel to the south line of Travis Street but made an entry into the intersection. The record is void' of evidence the Nash skidded sideways into the Buick automobile, which alone could explain the damage sustained by the Nash if we assume the Buick was stopped when struck as stated by Mr. and Mrs. Williamson. Obviously, we think, if Thomas had veered his vehicle too far to the left and struck the front end of the Buick standing still with its front bumper parallel to the south line of Travis Street, some portion of the front end of the Nash automobile would have been damaged. The record does not show this. It only shows that the left rear door and left rear fender of the Nash were affected by the impact. Furthermore, the force of the impact was sufficient to cave in the door of the Nash automobile and the damage inflicted upon the Buick included damage of a substantial nature to its frame, grill and other parts of the entire front. It is not reasonable to believe that two vehicles would have sustained such damage unless both vehicles were moving at the time of the collision.
The trial court predicated its judgment on a finding that Mrs. Williamson was free from negligence and held the fault rested entirely with Thomas. We may well concede Thomas was guilty of negligence by failing to maintain a proper lookout, but we are also of the opinion that Mrs. Williamson was guilty of negligence in entering the intersection at a time when it was unsafe to do so. In our opinion the accident could not have happened as it did unless the Buick automobile was moving into the intersection at the time of the collision. Since Travis Street was a right-of-way street it was incumbent upon the driver of plaintiff’s vehicle to respect the right-of-way accorded by the city ordinance to traffic moving along Travis Street and not attempt to cross it until it was safe to do so. We, therefore, find Mrs. Williamson was guilty of negligence which was a proximate cause of the accident. The plea of contributory negligence should have been sustained.
We have noted the authorities cited by counsel for appellee, consisting of Garrett v. Toye Bros. Yellow Cab Co., La.App. 1952, 58 So.2d 418 and Camp v. Wheeling Pipeline Co., Inc., La.App. 1954, 76 So.2d 106. The cited cases are inapposite for the reason that in the instant case the Thomas vehicle was not skidding at the time of the collision. In the two cited cases the decision turned upon the fact that the offending automobile was skidding at the time of collision, a situation which does, not exist in the present case.
Appellee also argues that the last clear chance doctrine is applicable, for Thomas could have guided his automobile-toward the approach to the West Monroe High School and thus avoided striking; his motor vehicle. There is no evidence indicating Thomas discovered plaintiff’s, car in a position of peril with opportunity to alter his course. Our finding that Mrs. Williamson entered the intersection when, it was unsafe to do so refutes such an idea.. The plea is without application herein.
It follows from our findings as herein-above stated that the judgment from which, appealed should be and is hereby reversed and plaintiff’s demands are rejected at his. cost, including cost of this appeal.