86 So.2d 212 (1956)
AETNA CASUALTY & SURETY CO., Automobile Insurance Company, Substituted Plaintiff,
v.
Troy CROW.
No. 4195.
Court of Appeal of Louisiana, First Circuit.
March 20, 1956.
*213 Gordon Goodbee, Covington, for appellant.
Reid & Reid, Hammond, for appellee.
ELLIS, Judge.
Plaintiff brought this suit as subrogee of Vincent Dantoni, whose automobile was involved in an accident on U. S. Highway 190 between Ponchatoula and Madisonville, Louisiana, with a log truck owned by defendant Troy Crow.
It was admitted at the time of the trial that Automobile Insurance Co. was the true plaintiff rather than Aetna Casualty & Surety Co., and should a judgment for plaintiff be granted that it be rendered in favor of the former.
Judgment below was in favor of the plaintiff as prayed for and from this judgment the defendant has appealed.
The petition herein alleges that the defendant was driving his log truck in an easterly direction along U. S. Highway 190 and at the same time, plaintiff's insured was driving his car in the same direction; that as the insured vehicle approached the log truck from the rear he steered his car into the left lane of the highway in order to pass the truck but just as he was about to complete this maneuver the defendant, without any warning, attempted to make a left turn across the left lane of the highway in order to turn into a small road that came into the highway upon defendant's left; that the insured vehicle tried to pass around the truck but was unsuccessful and the right front fender of his car hit the left rear wheel of the log truck, which resulted in the damage to the insured automobile.
Further allegations charge the defendant with gross negligence in attempting to turn left across the public highway, giving no signal of his intention, and not making sure the highway was clear to allow such a maneuver; that the insured car was being driven at a reasonable and proper rate of speed and that he was guilty of no negligence whatsoever.
The answer denied any acts of negligence on the part of the defendant and alleged that he signalled his intention to make the turn, but that the insured was negligent in that he was driving at an excessive rate of speed, not keeping a proper look-out, and attempting to pass the defendant at an intersection, and failing to bring his car to a stop when he saw the defendant's signal to turn to the left. Contributory negligence was also plead.
The lower court, with written reasons for judgment, found that immediately prior to the collision the defendant was proceeding in an easterly direction and that *214 a Mr. Stanga was seated beside him in the cab of the truck and that when he gave the signal for the left hand turn he did not give it in time to warn the insured, who was approaching from his rear, of his intention to turn, and that at the time the signal was given the following car could not have been more than 100 feet from the truck. These reasons also found the defendant showed he had seen the car following in the rear and he, himself, set the speed at about 70 miles per hour. From this evidence the court concluded the defendant was guilty of gross negligence in making the left turn across the highway even though he had signalled just when he started to turn. Further, the lower court notes that Stanga testified that the defendant gave a signal and immediately something hit the back of the truck. The court below found that the signal was given by the defendant at a time when it was of no avail to the insured. Further, he found that the highway was straight at the scene of the accident and that the insured was traveling at a rate of speed of from 55 to 60 miles per hour, which, under the circumstances, was not excessive, and concluded that the proximate cause of the accident was the sole negligence of the defendant. It was further found that the insured skidded his car a distance of some 80 or 90 feet but was unable to bring it to a stop and avoid the collision; that the weather was dry and clear.
The amount of damages to the insured automobile was admitted and the only reason urged for reversal is that the lower court erred on a question of fact.
This case is somewhat similar to Messina v. Audubon Insurance Co., Inc., 67 So.2d 143, 146, decided by this Court. There in we stated:
"The lower court held the failure of Duchan to exercise the necessary precautions in making a left turn to be the proximate cause of the accident. We fail to find any error in this decision of the lower court. Under the circumstances, the speed of Messina, 50 to 55 miles per hour was not excessive, as they were proceeding along a dry paved highway during daylight. At the time the turn was commenced by Duchan, Messina immediately applied his brakes and attempted to avoid the collision by pulling to the left. Although the accident might have been avoided had he turned to the right, we can only hold him to what a reasonable man would have done under the emergency, and the evidence does not show that his actions were unreasonable. If Duchan did hold out his hand to indicate a left turn, as some of the witnesses testified, he did not do so until he was ready to commence the turn, and was negligent in failure to exercise the precautions for making such a turn as is required by law."
The case of Sullivan v. Locke, La. App., 73 So.2d 616, cited Louisiana Statutes Annotated Revised Statutes 32:236 and held that one attempting a left hand turn upon the highway is charged with the responsibility of being certain that this maneuver can be made in safety and without danger to normal overtaking traffic.
The judgment of the lower court is affirmed.