HARDY, Judge.
This is a suit for the recovery óf damages in the nature of personal injuries sustained by plaintiff in an automobile collision with an automobile driven by *531 defendant’s insured. From a judgment in favor of defendant plaintiff has appealed.
The accident occurred on Louisiana Highway No. 1 about three miles north of the City of Natchitoches at the intersection of a private drive from the home of J. C. Rond with the highway on the east side thereof, late in the afternoon of November 20, 1955. Plaintiff, driving his 1950 Plymouth automobile, was engaged in making a left-hand turn across the highway into the Rond driveway when he was struck by a 1951 Ford driven by defendant’s assured, Clyde G. Handler, which was moving north on the highway. Plaintiff’s car was hit in the right side by the front of the Handler car in the east lane of the highway at the moment when the front wheels of plaintiff’s car were just at the east edge of the paved slab.
Prior to the accident plaintiff, whose destination was the Rond home, had been driving south on the highway, and, because of exceptionally heavy traffic, had driven off of the paved slab onto the west shoulder at a point almost directly opposite the intersection of the Rond driveway to the east of the highway. According to plaintiff’s testimony he waited until traffic had cleared, and, perceiving no approaching traffic from either direction, turned to his left and proceeded to make a right angle crossing of the highway. Plaintiff testified that he did not see the approach of the Handler car and became aware thereof only at the moment of impact.
Certain facts pertinent to a consideration of the issue here involved, which is purely factual in nature, were conclusively established, namely that the highway, in a southerly direction from which the Handler car was proceeding, makes a perceptible rise in grade approximately 375 feet south of the point of collision, sufficient to obscure traffic approaching from that direction and that the width of the paved slab of the highway is 22 feet. The speed of the vehicles involved at the time of the collision is also established within reasonable limits,' that of the 'Handler car being in the neighborhood of 60 miles per hour and that of plaintiff’s car being somewhere from five to ten miles per hour.
Handler testified that several southbound cars passed him after he topped the rise of the highway; that he had noticed plaintiff’s car stopped on the west shoulder of the highway; that when he was some 100 to 125 feet distant he saw plaintiff’s car crossing the highway in his lane of travel; that he had not perceived the turn being made by plaintiff because of the obstruction to his view by passing cars; that he immediately applied his brakes, but was unable to avoid the collision.
Plaintiff testified that the Handler car was not in view when he began his turn and asserted that he was certain of this fact because he noticed that the last southbound car which had passed him was just topping the rise, 375 feet to the south, when he began his turn.
The testimony of plaintiff is corroborated to some extent by that of a colored man, Johnnie Richardson, who was standing in the yard of the Rond home, but the testimony of this witness is subject to serious question as to its credibility and weight.
Handler was accompanied by a young woman, Jackie Denton, who became his wife some time following the accident and before the trial of the case, and by a cousin, Carey Winstead, both of whom were seated on the front seat of the automobile. Both of Handler’s companions testified that they had observed the plaintiff’s car parked on the west side of the highway at the time they topped the crest of the grade, but neither of them was in a position to observe its subsequent movement as they were engaged in looking for a piece of candy which Mrs. Handler had dropped on the floor of the automobile. Mrs. Handler testified only that when Handler applied his brakes she looked up and observed the plaintiff’s car immediately in their path.
Richardson testified that he saw the Handler car approaching before, it .reached *532 the crest of the rise in the highway and that it was moving at a speed he estimated to be in the neighborhood of 75 miles per hour. This estimate of speed is contradicted by all defendant’s witnesses and by one of plaintiff’s witnesses, the State Trooper who investigated the accident and who testified that Handler had informed him that his speed prior to the accident had been about 60 miles per hour, which he accepted on the basis of his measurement of skidmarks.
The testimony, as a whole, definitely preponderates in favor of defendant, and it is evident from the testimony of plaintiff himself that he was guilty of gross negligence in failing to observe, at any time during his crossing of the highway, the approach of the Handler vehicle. If any additional facts were necessary to a resolution of this case we think they would be found in a consideration of the physical circumstances, quite apart from the testimony of the witnesses. The skidmarks of the Handler automobile measured approximately 73 feet in the force of the impact, though sufficiently violent to propel the plaintiff’s car some 18 feet from the point of impact, does not substantiate a conclusion that the Handler car was moving at any high speed at the time of the collision. Rather it indicates that Handler’s testimony that the speed of his car had slowed to approximately 20 miles per hour at the time of impact was substantially correct. It is further to be observed that the factual circumstances urged by plaintiff are irreconcilable with any reasonable calculation. If the Handler car had not come into view at the time plaintiff began making his turn it follows that while plaintiff’s car was moving 22 feet the Handler car was traveling at least 375 feet, or approximately 17, times the distance traveled by plaintiff’s car. Even if the speed of plaintiff’s car were fixed at five miles per hour, and if no allowance were made for the retarding effects of Handler’s application of brakes, it would be necessary to find that the Handler car moved at a speed of not less than 85 miles per hour for the entire distance of 375 feet. Such a conclusion would be completely at variance with the established facts.
We are convinced that the accident was the direct result of the negligence of plaintiff in failing to make proper observation, to see what could and should have been seen, and in undertaking a dangerous operation without reasonable assurance that it could be conducted in safety. We also feel that the record before us fails to establish negligence on the part of defendant’s assured.
Nor do we find any ground for the application of the doctrine of last clear chance. We think it is preponderantly established that Handler perceived the danger as soon as was reasonably possible and that he immediately took proper action in the face of the emergency created by plaintiff’s negligence. It cannot be said, under the facts of this case, that the collision could have been averted by any other action.
The judgment appealed from is affirmed at appellant’s cost.