ELLIS, Judge.
Plaintiff-appellant has appealed from a judgment of the District Court dismissing his suit for personal injuries and property damage allegedly suffered by him as the result of an automobile collision between his car and that of the defendant-appellee which occurred on July 16, 1958, at about 3:30 P.M. on U. S. Highway No. 61, approximately ten miles north of St. Francis-ville, La., in West Feliciana Parish.
It is plaintiff’s contention that he was driving north on U. S. Highway No. 61, and desiring to turn left across the highway so as to visit Wilcox’ Bar and Grocery, he looked for traffic to his rear, saw none, gave a hand signal and proceeded to turn left across the highway. Under these facts plaintiff contends that he was not negligent in any manner in making the left-hand turn and that the lower court erred in dismissing his suit. In the alternative the plaintiff contends that the defendant had the last clear chance to avoid the collision and the judgment was therefore erroneous in this respect. Plaintiff also vigorously complains of the action of the trial court after a trial on a rule nisi obtained by the defendant in setting aside and annulling an ex parte order whereby the plaintiff was granted a *190 new trial. As a result of this error plaintiff contends that the case should be remanded and the lower court ordered to hear the new trial.
On the other hand, the defendant takes the position that the setting aside of the ex parte order granting a new trial by the district court was not only correct but clearly within the power of that court and should not be disturbed. Defendant further urges the absolute correctness of the judgment of the lower court on the merits and prays for its affirmance.
We will first dispose of the plaintiff’s contention that the District Court erred in setting aside the ex parte order which granted him a new trial and his prayer for a remand and new trial because of such error. The record shows that the case was heard on November 24, 1958, and that for oral reasons which were dictated into the record and reduced to writing the court stated that judgment would be rendered in favor of the defendant denying and rejecting the demands of the plaintiff. On November 24, 1958 plaintiff filed with the Clerk of Court of the Twentieth Judicial District an application for a rehearing and/or new trial. This application contains an undated certificate by counsel for plaintiff to the effect that a copy had been mailed to counsel of record for the defendant in Baton Rouge, La. It is shown that the application was not mailed until December 11, 1958 and not received by counsel for defendant until December 15, 1958, and the latter, having no knowledge of the filing of the application for a rehearing and/or new trial on November 28, 1958, prepared a formal judgment in accordance with the reasons given by the District Judge which was signed by the latter on December 2, 1958. Attached to the motion for rehearing or new trial was an order granting a new trial which was signed by the District Judge on the 10th day of December, 1958 granting the new trial and assigning the case for trial on the 7th of January, 1959. On December 12, 1958 the Clerk of Court mailed a notice as to the new trial and assignment date to counsel for defendants by certified mail, return receipt requested.
It is clear that counsel for defendants received no notice of the filing of the application for rehearing or new trial until after it was signed by the District Judge. On December 22, 1958, as a result of having received on December 15, 1958, a copy of the ex parte order granting the new trial and assignment for January 7, 1959, counsel for defendant prepared a rule nisi which was signed by the District Judge directed to the plaintiff ordering him to show cause why the ex parte order granting the new trial and the assignment of the case should not be recalled and a hearing for a new trial be fixed. The .rule nisi came up on January 9, 1959 and the District Judge ordered the ex parte new trial order rescinded, set aside and refused the new trial.
This is not a case in which the District Court ex proprio motu granted a new trial and reassigned the case but one in which it was done upon an application filed on behalf of the plaintiff-appellant, which also contained a certificate that the application had been mailed to counsel fo.r the defendants-appellants. The failure to have notified counsel for defendant was contrary to the requirement as set forth in Article 559, Code of Practice, which reads :
“The party demanding a new trial must set forth the grounds on which he rests his demand, and the same must be filed, entered on the records of the court, and notified to the adverse party, in order that he may answer within the delay prescribed for answering.”
Apparently, from the record, it was not until receipt of the application for a rule nisi, which the District Judge signed on December 22, 1958, that he was aware that the defendants-appellees had not received any notice of the application for a rehearing and/or new trial. The District Judge was acting within his judicial authority in granting the rule nisi and, after hearing of *191 same, in rescinding and setting aside the ex parte order granting a new trial and the assignment date for such a trial. The alternative prayer of counsel for plaintiff-appellant for a remand and new trial by the District Court is, therefore, refused.
This case being one in which a collision resulted from a left hand turn by one of the parties we will take the liberty of quoting from the recent case of Johnson v. Wilson, La.App., 97 So.2d 674, 678, recently decided by this court in which Judge Tate as the organ of the court stated:
“Applying these general principles to the infinitely variable circumstances of the accidents concerned, cases involving the left-turning forward driver struck by an overtaking or oncoming vehicle fall into at least three general patterns:
“(1) Cases holding that the sole proximate cause of the accident was the negligence of the driver turning left suddenly and/or without signal and in the immediate path of and without yielding the right of way to approaching traffic. Washington Fire & Marine Ins. Co. v. Firemen’s Ins. Co., 232 La. 379, 94 So.2d 295; Castille v. Houston Fire & Cas. Ins. Co., La.App. 1 Cir., 92 So.2d 137; Aetna Cas. & Surety Co. v. Crow, La.App. 1 Cir., 86 So.2d 212; Messina v. Audubon Ins. Co., La.App. 1 Cir., 67 So.2d 143; Graves v. Riser, La.App. 2 Cir., 62 So.2d 163; Day v. Roberts, La.App. 2 Cir., 55 So.2d 316, or holding that the left-turning driver had the clear chance to avoid the accident, Cassar v. Mansfield Lumber Co., 215 La. 533, 41 So.2d 209.
“(2) Cases holding that the negligence of the left-turning driver in doing so without signalling and/or yielding the right of way and/or observing the rear vehicle; and of the overtaking driver in not making sufficient observation and/or failing to slow and/or continuing to approach the turning vehicle at a high speed; both contributed to the accident so as to bar recovery by either party. Leonard v. Holmes & Barnes, Ltd., 232 La. 229, 94 So.2d 241; Fox v. Haynes, La.App. 2 Cir., 86 So.2d 583; LaBarre v. Booth, La.App. 1 Cir., 84 So.2d 626; Saba v. Brown, La.App. Orleans, 61 So.2d 593; Fidelity & Cas. Co. of New York v. Major Oil Co., La.App. 2 Cir., 55 So.2d 326; Seaboard Ins. Co. v. Maryland Cas. Co., La.App. 2 Cir., 47 So.2d 353. See also: Washington Fire & Marine Ins. Co. v. Wallace, La.App. 2 Cir., 92 So.2d 777 and Jenkins v. Fidelity & Cas. Co., La.App. 1 Cir., 92 So.2d 120.
“(3) Cases holding free of negligence the left-turning driver, who made proper signal and commenced a left turn upon a reasonable belief after observing approaching traffic that such turn would not unduly interfere with the progress of such approaching traffic despite which an accident occurred; the sole proximate cause of which was held to be the excessive speed, lack of lookout, and/or lack of control on the part of the approaching vehicle in failing to observe the seasonably-signalled left-turn intent of the other vehicle and continuing an approach theretowards without attempting to bring the approaching vehicle under control. Delaune v. Crawford, La.App. 1 Cir., 39 So.2d 94; Chandler v. Sentell, La.App. 1 Cir., 35 So.2d 260; Deffez v. Stephens, La.App. 1 Cir., 30 So.2d 154; Goynes v. St. Charles Dairy Inc., La.App. 1 Cir., 197 So. 819; White v. American Employers Ins. Co., La.App. 1 Cir., 197 So. 803; See also: Moncrieff v. Lacobie, La.App. 1 Cir., 89 So.2d 471; Moore v. Benson, La.App. 2 Cir., 68 So.2d 250; Sumrall v. Myles, La.App. 1 Cir., 51 So.2d 411; Russo v. Aucoin, La.App. 1 Cir., 7 So.2d 744; Weitkam v. Johnston, La.App. Orleans, 5 So.2d 582.”
The District Judge found from the facts that the case at bar fell into pattern (2), supra. This accident occurred at approximately 3 :30 in the afternoon on a clear day on Highway 61 which was constructed of asphalt, and at a point where it is shown that there was no obstruction of any kind to the vision of either driver and no defect in the highway, which was approximately *192 20 feet in width. The speed limit was 60 miles per hour. Plaintiff had a clear, unobstructed view of the highway for at least one-quarter of a mile to the south, which was to his rear, and although he testified he looked for traffic to his rear before starting to make his left hand turn but did not see the approaching car of the defendant. There is nothing in the record to even indicate that the defendant’s automobile could have been further than one-quarter of a mile from the plaintiff’s vehicle just prior to its left turn, and there is no reason indicated in the record as to why the plaintiff did not see the defendant’s automobile approaching from his rear. He was negligent in not seeing it. Either he did not look, or if he attempted to look, it was not done properly, and in either event he is chargeable with seeing what he should have seen.
Plaintiff contends that he also gave a left hand signal which is denied by the defendant. The plaintiff admits that he made a sudden turn left across the highway and never saw the defendant’s automobile until the actual collision and only heard it when the brakes were applied for a distance of 75 feet along the shoulder of the road by the defendant prior to the actual collision. We believe as did the District Judge that the plaintiff was negligent in not looking prior to his turn, or if he did look, in failing to see the defendant’s automobile which was approaching from his rear and within his unobstructed vision at the time he should have looked before making the left hand turn.
It is defendant’s testimony that he was approaching the plaintiff’s automobile from the south and that he pulled into the passing lane intending to pass the plaintiff; that after he had gotten into this lane he then saw the plaintiff pull suddenly to his left in order to make his left hand turn; that he sounded his horn but that evidently the plaintiff did not hear the horn nor heed the defendant’s approach. The defendant continued to his left into what is referred to as a gully but which is actually a drainage ditch with gradual sloping sides on the left side of the highway and defendant’s car continued north up into the driveway of the Wilcox Bar and Restaurant, almost in front of the plaintiff’s car, and it was at this point that the left front portion of the plaintiff’s car came in contact with the defendant’s car. Defendant’s car then proceeded on across this driveway and into the gully and back up on the highway shoulder to the north of the driveway. Defendant stated that he lost control of his car when it skidded in the loose gravel which covered the left shoulder of the highway as a result of his having applied his brakes.
While the State Trooper who investigated the accident was of the opinion that the defendant was going at an excessive rate of speed, we do not find any positive evidence which would convince us of that fact. We seriously doubt that the defendant was guilty of any negligence as shown by this record. On the other hand we are of the opinion that the judgment of the District Court was correct. There is no obvious error in his judgment. The plaintiff was guilty of gross negligence in attempting to make a left hand turn without observing and yielding the right of way to the approaching vehicle of the defendant which at that time was in the passing lane and too close for the plaintiff had he made the proper observation of approaching traffic to reasonably believe that he could make such a turn without unduly interfering with the progress of the defendant’s automobile. If, for the sake of argument, it were admitted that the defendant’s automobile was traveling at an excessive rate of speed, we fail to find any facts in this record which prove that such excessive speed was a proximate cause of the collision.
As to the plaintiff’s alternative plea of the last clear chance on the part of the defendant to avoid the accident, we find no merit therein as the facts fail to support such a plea. The defendant was faced with a sudden emergency when the plaintiff suddenly drove his vehicle left across *193 the highway and he blew his horn and applied his brakes and steered his car onto the shoulder of the highway and even down into the gully or ditch and practically in front of the plaintiff’s car in an effort to avoid the collision. Had the defendant not steered to his left and left the highway his automobile would probably have struck the plaintiff’s broadside.
For the above and foregoing reasons the judgment of the District Court is affirmed at the cost of the plaintiff-appellant.