GLADNEY, Judge.
This is an action for damages arising from an automobile accident which occurred January 18, 1961, on Louisiana State Highway No. 1, approximately five miles south of Mooringsport, Caddo Parish, Louisiana, when the defendant’s automobile driven by an employee, J. N. Grant, struck the rear of plaintiff’s car while both vehicles were traveling south. The suit was defended on the ground that Grant was free from negligence and after a trial on the merits there was judgment rejecting plaintiff’s demands. From this decree, the plaintiff has appealed.
At the point where the collision occurred the highway is a two-lane paved thoroughfare and is straight and level for approximately a mile to the north. On the day in question, the weather was clear, the pavement dry, and there was nothing to obscure the vision of either driver. Immediately prior to the accident, Croom, who was traveling southerly, pulled off the highway onto the apron or driveway in front of a fruit stand situated on the east side of the highway, that is, to the left of a motorist traveling south. There he remained a short space of time and then started forward for the purpose of re-entering the highway and resuming his journey. The plaintiff, aged seventy-seven years, testified that upon re-entering the highway he observed Grant was approaching from the north and was then distant about .6 of a mile, and that believing an entry upon the highway could be safely made, he made a left turning maneuver and resumed his journey toward the south; that after he had attained a speed of twenty-five to thirty miles per hour and had traveled a distance of about 915 feet he was struck from the rear by defendant’s car. He further testified that his vehicle was knocked about forty feet along the highway. He received personal injuries and his vehicle was damaged.
There were no persons other than the drivers in either of the vehicles involved. State Trooper Strange investigated the accident and his testimony fixed the point of impact at approximately 300 feet from the place of entry by Croom from the driveway of the fruit stand, and he also testified Grant was traveling 60 miles per hour. Grant testified that his speed was 60 miles per hour when he first observed Croom *125 entering the highway 250 feet ahead of him, and that he immediately sought to avoid the accident by making application of his brakes. He said he was prevented from turning to the left of Croom’s car by reason of an approaching automobile traveling north. Trooper Strange stated that Grant’s automobile skidded a distance of 105 feet to the point of impact and thereafter Grant’s vehicle moved a distance of 42 feet, and that of plaintiff 66 feet. Based upon this testimony and evidence, the trial judge concluded Grant was not negligent.
Appellant’s cause of action rests upon numerous charges of negligence attributa-i ble to Grant, but primarily reliance is placed upon charges that Grant was driving in excess of the speed limit of 60 miles per hour, that he was not maintaining proper observation or surveillance of traffic, and failed to keep his automobile under proper control. Additionally, appellant relies upon the last clear chance doctrine, contending that after discovering plaintiff’s peril, Grant failed to avail himself of the opportunity to avoid the accident.
It is our finding that Grant was not traveling in excess of the fixed speed limit, that he was properly observant and made every reasonable effort to avoid the resulting collision, and in our opinion, the sole proximate cause of the accident was the failure on the part of Croom to make proper surveillance of the highway to determine if there was any approaching traffic that might render it unsafe for him to enter the highway. The fact was firmly established that appellant attempted to enter the highway when it was unsafe to do so. The testimony of Strange discloses that the point of impact occurred 300 feet from Croom’s point of entry. According to the Lawyers’ Motor Vehicle Speed Chart, a vehicle traveling 60 miles per hour moves 87.6 feet per second and will travel 66.1 feet during the reaction time, and will travel 298.3 feet after the application of the brakes. Thus, according to this chart, from the time a motorist apprehends danger and seeks to take evasive methods for the purpose of avoiding an accident, his vehicle will cover a distance of 364.4 feet. This proves that Croom was negligent in entering the highway when Grant was hardly more than 300 feet distant. It also must be accepted as a fact that if Croom failed to observe the highway to the north after first noticing Grant was .6 of a mile away, appellant was negligent in failing to keep the traffic conditions of the highway under proper surveillance, for it is obvious that Grant was much closer than .6 of a mile away when Croom entered the highway.
The duty of a motorist to look ahead and maintain proper surveillance as to traffic conditions never ceases. Maher v. New Orleans Linen Supply Company, 41 So.2d 101 (La.App.Orl.Cir., 1949) ; Williams v. Ford, 102 So.2d 789 (La.App.2d Cir., 1958) ; and a driver entering on a main or favored highway is required to ascertain, by looking and by all other suitable means, that his entry in the light of existing and visible traffic conditions may be made with safety. Montalbano v. Hall, 108 So.2d 16 (La.App.2d Cir., 1958); Kirby v. Fidelity & Casualty Company of New York, 110 So.2d 182, (La.App.1st Cir., 1959); Richardson v. Employers Liability Assurance Corporation, Ltd., 116 So.2d 188 (La.App.1st Cir., 1959); Nugent et al. v. Fidelity & Casualty Company of New York, 117 So.2d 666 (La.App. 2d Cir., 1960).
Counsel for plaintiff also invokes the last clear chance or discovered peril doctrine. It is clear to us that this legal principle is without application. When Croom placed himself in a position of danger while driving unwisely in front of Grant, who, at the time, was traveling at a speed of 60 miles per hour, the latter forthwith made application of his brakes and undoubtedly resorted to the only available means by which he might avoid the impending collision. The danger was created by plaintiff and after it arose there was no opportunity for Grant to make any effort which could have avoided the collision.
*126 The doctrine of last clear chance or discovered peril is inapplicable when the defendant driver has discovered plaintiff’s peril and has immediately made reasonably prudent, even if insufficient, efforts to avoid the inevitable danger. Williamson v. State Farm Mutual Automobile Insurance Company, 84 So.2d 243 (La.App.2d Cir., 1955) ; Watkins et ux. v. Strickland Transportation Company, Inc. et al., 90 So.2d 561, (La.App.2d Cir., 1956); Moran v. Lumbermens Mutual Casualty Company, 98 So.2d 530, 531 (La.App.2d Cir., 1957); Newton v. Pacillo et al., 111 So.2d 895, (La.App.2d Cir., 1959); Clark v. Shannon et al., 120 So.2d 307 (La.App.2d Cir., 1960).
The appellant having failed to point out any error in the decree from which he appealed, and it being our finding that the driver of defendant’s vehicle was free of actionable negligence, the judgment under review by this court is affirmed at appellant’s cost.