HARDY, Judge.
Plaintiff sued to recover damages to her automobile resulting from an intersectional collision allegedly caused by the. negligence of defendant. By way of answer defendant denied his negligence, averred the negligence of plaintiff as the proximate cause of the collision, reconvenéd for damages to his automobile, and alternatively pleaded contributory negligence on the part of plaintiff. After trial there was judgment in favor of plaintiff in the principal sum of $342.67, and further judgment rejecting defendant’s -reconventional demands.. Defendant has appealed.
The accident occurred at the intersection of Regent and Velva Streets in the City of Shreveport a few minutes before one o’clock a. m. on or about October 27, 1952. At the time both vehicles were proceeding north on Velva Street. According to plaintiff she was accompanied at the time by three passengers; was driving her Buick Sedan at a reasonable rate of speed; observed defendant’s Crosley automobile preceding her in a position well over toward the righthand or east side of Velva Street, signaled by blowing her horn and blinking her lights before beginning the operation of passing defendant’s car, but defendant, shortly before reaching the intersection of Regent Street, turned in a westerly direction directly into the path of plaintiff’s automobile, the right front of which struck the left front side of defendant’s vehicle.
Defendant’s version of the incident is directly contradictory to that of plaintiff. He contends that he was driving north on Velva Street and over toward the center line thereof; that he signaled for his left turn with his rear blinker light, and that, as he reached a point near the center of the intersection and began -to make the turn, plaintiff’s automobile crashed into his car.
*715 The usual charges and counter charges of negligence are asserted by the parties' litigant. In a well considered written opinion the district judge analyzed the testimony of the witnesses, and, wé think, cleárly disposed of the issues, all of which are factual in nature.
It is established that both plaintiff and defendant entered Velva Street from opposite directions of DeSoto Street only a block South of the scene of the collision. According to his own testimony, defendant turned right on Velva Street from DeSoto observing at the time the approaching headlights of plaintiff’s automobile, which turned left from DeSoto to Velva Street. Despite the knowledge that plaintiff’s car to his rear was proceeding in the same direction along Velva Street, defendant testified that he did not make any attempt to make observation of its position and contented himself with blinking his rear light to show his intention of turning to the left at the Regent Street intersection. It is evident on the basis of this testimony alone that defendant has convicted himself of gross negligence, which was certainly a proximate cause of the accident.
In the effort to free himself from the consequences of his negligence, defendant takes the position that plaintiff’s action in attempting to pass his vehicle at a street intersection was not only a violation of statutory law, LSA-R.S. 32:233, Section E, but was an act of negligence which was the proximate cause of the collision, or, alternatively, such contributory negligence as would bar recovery by plaintiff.
Proceeding to a discussion of these contentions on behalf of the respective parties, we are - able to eliminate certain charges of negligence and reduce the question to a determination of fundamental facts. Defendant has failed to establish his charges of excessive speed, lack of control and other asserted acts of negligence on the part of plaintiff, and, as a consequence, is reduced to dependency upon the negligence, vel non, of plaintiff in attempting to pass his automobile at a street intersection.
We agree with the finding of the district judge that the testimony on behalf of plaintiff preponderates and, accordingly, it follows that the facts must be determined in accordance with such testimony. Plaintiff and her passengers did not see any warning directional signal; plaintiff, after sounding-her horn and blinking her lights, began the operation of passing defendant’s automobile and was drawing abreast of his vehicle at the time of the collision which occurred when defendant began angling his course to the left before reaching the intersection. According to the testimony of plaintiff and her witnesses the impact occurred at a point some ten to twenty feet south of the Regent Street intersection. The police officer who investigated the accident testified that his only knowledge of the point of collision was gained from observation of the usual debris deposited on the pavement at a point some two feet south of the intersection. We find nothing substantially inconsistent in this testimony, all of which, to our minds, conclusively fixes the point of impact south of the intersection and therefore destroys defendant’s contention that he did not begin the turning operation until he had reached approximately the center of the intersection.
Under these findings of fact it is clear that plaintiff was not engaged in passing at an intersection. Even the slightest and most casual observation by defendant would have enabled plaintiff to complete the passing operation without incident. Defendant’s failure in this respect before undertaking a left-hand turn, which has been many times denominated as a most dangerous maneuver, was, in our opinion, the sole and proximate cause of the collision.
For the- reasons assigned the judgment appealed' from is affirmed at appellant’s, cost.