NABORS, Judge ad hoc.
Plaintiffs appeal from the judgment of the Twenty-Fourth Judicial District Court denying their claims for property damages and personal injury suffered in a collision on the Airline Highway in Jefferson Parish. The defendant did not appeal from the judgment dismissing his reconventional demand for damages to his automobile and ordering him to pay costs.
John A. Murray, the owner of a 1948 Chevrolet claims $50., the part of the damage to his car which was not insured; Home Insurance Company claims $1,075, the net sum paid under its collision insurance policy after recovery of $125 as the salvage value of -the automobile; and William D. Murray, the driver of the car, claims $4,750 for personal injuries, medical expenses and loss of earnings.
• .After 1:00 a. m. on February 4, 1950, at the request of Morris J. Olivjer, Jr., the driver of a car which was stalled on the Airline Highway, about a half block north of the intersection with Harlem Avenue, William D..Murray, while driving his father’s Chevrolet-from New Orleans to Baton Rouge, agreed to push the stalled car to a filling station or until it started. William D. Murray had placed his car behind the stalled automobile and had pushed it forward a few feet when the defendant, Ray S. Dupepe, crashed his car into the back of the Murray automobile and inflicted the damages and personal injury which are the subject of this suit. Despite the fact that the lights of both the Murray and Olivier cars were turned on, the defendant did not see the Murray car until he came within 75 feet of it. The collision occurred at a place where each side of the highway has four traffic lanes.
The .defendant’s failure to see the Murray car until within a distance of 75 feet, and his fast rate of 'speed which prevented him from stopping or changing to another traffic lane constitute negligence which make him responsible for the accident. A person who drives at a fast rate *254 of speed into a car in front of him which is traveling in the same direction is prima facie negligent.
The defendant’s plea of contributory negligence based on the contention that the Murray aútomobile turned, into his traffic lane when he was approaching is rebutted by the preponderance of evidence indicating that William D. Murray drove forward without turning when he started pushing the Olivier car. A discrepancy in the testimony as to whether the accident occurred in the second or third lane from the neutral ground has no bearing on ei•ther defendant’s liability'or the issue of whether William D. Murray was guilty of ■contributory negligence because the record shows that the accident occurred in the second lane from the neutral ground and that William D. Murray was not con-tributorily negligent. Since William D. Murray was not guilty of contributory negligence, there is no 'question as to the existence and application of a doctrine of im-putátion of the driver’s negligence to the owner and insurer of an automobile. However, the more recent decisions do not support the imputation of negligence doctrine which the trial court employed in denying relief to John A. Murray and the Home Insurance Company. Pancoast v. Cooperative Cab Co., La.App., 37 So.2d 452; Sewell v. Newton, La.App., 152 So. 389; Hay v. American Motorists Insurance Company, La.App., 66 So.2d 371.
By stipulation of counsel, it was agreed that John A. Murray suffered $50.00 damages and Home Insurance Company suffered $1,075.00 damages.
William D. Murray suffered severe •shock, lacerations on his nose and fore-bead which resulted in three small scars, and bruises and contusions on his legs between his knees and ankles. His physician •treated him on five visits over a period of 11 days, but several weeks were required in order to fully recover from his injuries. William D. Murray’s' personal injuries should be compensated by an award of $1.-•000.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that plaintiff, John A. Murray, have judgment against Ray Savoie Du-pepe, defendant, for the sum of $50, and that 'plaintiff; Home Insurance Company have judgment against said defendant for $1,075, and that plaintiff, William D. Murray, have judgment for $1,000 against said defendant, all amounts to bear interest at the legal rate from judicial demand. Defendant is cast for the costs of both courts.
Reversed.