ELLIS, Judge.
This action seeks damages against Walter Glenn Riley, his employer and its insurer, as the result of an automobile accident. The plaintiffs, Mrs. Winona Castille and Mrs. Ambrose Lanoux, alleged personal1 injuries sustained by them, and Howard' Castille, husband of. Mrs. Winona Castille, *138 seeks judgment for medical expenses for his wife and repairs to the community automobile.
The trial court, with written reasons, rendered judgment dismissing the suit and plaintiffs have appealed.
The accident occurred at about 6:20 p.m. while Mrs. Castille was driving a community automobile in a northerly direction on U. S. Highway 61, near its intersection with a road leading to Dutchtown. Mrs. Lanotix was a passenger in the Castille vehicle. The petition alleges that when this vehicle was approximately 150 feet south of the said intersection, a car belonging to the employer of the defendant, Riley, and driven by him struck the Castille car in its rear, causing damage thereto and severe physical injuries to Mrs. Castille and Mrs. Lanoux. .It is further alleged that Riley was acting within the scope and course of his employment and that the Houston Fire and Casualty Insurance Company was the liability insurer of the car which he was driving. The doctrine of “res ipsa loquitur” was plead, and in the alternative, that the accident was caused solely by the gross negligence of Riley.
The defendants, in their answer, denied all liability. It was admitted that the named insurance company issued a policy of liability insurance to the Hatton Packard Co., but it was specifically denied that Riley was an employee of the said Company, or that he was acting in the scope of any employment at the time of the accident. The trial court stated there was no evidence whatsoever that the car driven by Riley belonged to the said company or that he was an employee of this corporation.
Mrs. Castille’s own evidence shows she intended td' make a left turn and gave a signal with her blinker lights after noticing the approaching car, but did not put out her hand because it was raining. On direct examination she stated she wanted to'make a left hand turn, and in answer to the question, “And as you were trying to make your left turn this party behind you struck you from behind?” She answered, “That’s right.” The passenger, Mrs. Lanoux, testified that Mrs. Castille had started to turn when the car was struck from the rear; that she had turned the wheel a little bit and had just turned to go into the road. Mrs. Castille, in a statement given to an adjuster, set forth that she had attempted to make the left turn and knew the car was behind her; that she had looked in her rear view mirror and seen it but did not realize it was coming so fast; that her windows were up. Of supreme importance is her testimony that she began the turn 100 feet from the intersection. Her petition alleges a distance of 150 feet.
The testimony of Riley was the subject of a stipulation, which is as follows:
“That he was driving in the right lane of traffic on the Airline Highway going in the direction of Baton Rouge at a speed of about 40 to 50 miles per hour. That he saw the.Castille car on the Highway on the right hand side of the road going in the same direction at a slower rate of speed; that he pulled to the center of the road to pass the Castille car when it, without any warning or signal, turned to the left and partly into the left lane of traffic; that he put on his brakes but in spite of his efforts, he collided with the rear of the Castille car; that his car and the Castille car were in the center of the highway when collision occurred.”
The testimony of the State Police who investigated the accident was stipulated as follows:
“Driver of Vehicle 1 stated she was attempting to make a left turn and was struck in the rear by Vehicle 2. Driver of Vehicle 2 stated that Vehicle 1 turned onto U. S. 61 two or three blocks south of the place of accident and he thought that subject was going to proceed on north so he attempted to *139 pass Vehicle 1 when suddenly Vehicle 1 pulled into the center of the highway to attempt a left turn. He stated he could not go around either side of vehicle and couldn’t stop so he hit vehicle 1 in the rear.”
In discussing the stipulation above quoted and the testimony of Mrs. Castille and Mrs. Lanoux, the lower court in its written reasons stated:
“On the one hand we have the testimony of Mrs. Castille, which to some extent corroborates, rather than repudiates Riley’s version of the accident. In a word she alleged in her petition that she began to make ready for the left hand turn by leaving the right side of the road before she arrived at the intersection, and that when she did this she didn’t know how far Riley was behind her although she saw him approaching.
“Both the Appellate Courts of the State and this Court have held time and time again that one who attempts to make a left turn on a public highway of the State must ascertain before turning that the turn can be made safely. Cases in point are Michelli v. Rheem Mfg. Co., [La.App.], 34 So.2d 264; Labarre v. Booth, [La.App.] 84 So.2d 626; Williams v. McDowell, [La.App.] 71 So.2d 714.
“Aside from the testimony of Mrs. Castille there is nothing in the record to show that Riley was driving at an excessive rate of speed. According to the stipulation referred to, if he had been sworn as a witness, he would have testified that he was traveling at a speed of about 40 or SO miles per hour which he had the right to do, unless of course, he knew or had reasons to know that the car in front of him was going to turn left.
“Among the cases referred to, I am of the opinion that the case of Williams v. McDowell, 71 So.2d 714, peculiarly applicable here.
“I find no fault with the authorities cited by counsel for plaintiffs except that factually they are not applicable here.
“In my opinion the sole proximate cause of the accident in question was the negligent act of Mrs. Castille in making the left turn without knowing that it was safe to do so. Riley denies that she gave any signal or warning that she was going to turn. The burden was upon her to show that she did. She admits that' dll she did was to turn on her blinker lights, and even this is denied by Riley. There were no other witnesses to the accident except Mrs. Lanoux, who did not know what, if any, warning signal or signals were given.”
In the case of Williams v. McDowell, 71 So.2d 714, cited by the lower court, a motorist knew an automobile was following him but did not make any attempt to observe its position. He merely blinked his rear light to show his intention to turn left and proceeded to make the turn, when he was struck from the rear. All of our Appellate Courts have repeatedly held that a left hand turn on a public highway is one of the most dangerous maneuvers which can be attempted, and the one who starts to effect it must ascertain that it can be made in safety. See Michelli v. Rheem Mfg. Co., 34 So.2d 264, and Labarre v. Booth, 84 So.2d 626, and authorities cited therein.
The plaintiffs plead “res ipsa loquitur”. This doctrine is not a rule of pleading or of substantive law, but is a rule of evidence, and whether or not it applies must be determined at the conclusion of the trial. See Roy v. Louisiana State Dept. of Agriculture and Immigration, 216 La. 699, 44 So.2d 882, and Northwestern Mut. Fire Ass’n v. Allain, 226 La. 788, 77 So. *140 2d 395. It does not apply where the accident is shown to have occurred through the negligence of the plaintiff, or that his negligence contributed to the accident. See Henrikson v. Herrin Transfer & Warehouse Co., 216 La. 199, 43 So.2d 471. The rebuttable presumption of negligence, .arises under this ruling only in the absence of some explanation by the defendant sufficient to rebut the inference that he failed to use due caution. Leigh v. Johnson-Evans Motors, La.App., 75 So.2d 710. We conclude this rule to be inapplicable here.
The plaintiffs have cited the case of Murray v. Dupepe, La.App., 75 So.2d 252 as authority that the doctrine of “res ipsa loqui-tur” applies here. There the evidence showed the defendant failed to see a car traveling in front of him until he was within a distance of 75 feet, and was traveling so fast that he was unable to avoid a collision. The accident happened under conditions and at a place where the defendant should have seen the lead automobiles and could have turned to prevent the accident. This case has no application here.
The plaintiffs cited other cases as authority for the defendant Riley’s negligence. We do not deem these apposite in the present case. One was Goynes v. St. Charles Dairy, Inc., La.App., 197 So. 819. There the lead car was traveling at a slow rate of speed to negotiate a left turn, and ample signals were given to evidence its intention. Also, the following car was being 'driven at a distance unreasonably close to the lead car, at an excessive rate of speed.
Also, plaintiffs have called our attention to the case of Raborn v. Davis Transport, Inc., La.App., 42 So.2d 152. There, the lead vehicle had signalled a left hand turn and stopped to permit another vehicle to pass before turning to his left. The facts in the Raborn case are entirely different from those here.
We believe that the Lower Court was correct when it held that the sole proximate cause of the accident was the negligence of Mrs. Castille in making a left turn or turning out of her lane of traffic 100 feet from an intersection without knowing that it was safe to do so. It appears that the Lower Court did not give much weight to the testimony of Mrs. Castille or her mother due to the inconsistencies prevailing in their testimony in comparing same with their discovery depositions and statements given the adjuster and the state police. The statement of Mrs. Castille to the adjuster was to the effect that she was attempting to malee a left turn at the time the accident took place. This same statement is made to the state police. On direct examination Mrs. Castille made the same statement that she was in the process of making a left turn when the accident took place, but later on in her testimony she attempts to clarify this by saying intending to make a left turn. Be that as it may, in the application for rehearing counsel for plaintiff states that she was in the center of the road when hit in the rear by the defendant’s vehicle, so she must have been in the process of making a left turn for her to have been in the center of the road. The defendant’s stipulation states that his car as well as the Castille car was in the center of the highway when the collision occurred. Therefore, according to the record she did not exercise the proper care and caution necessary before attempting to pull out of her travel lane to execute a left hand turn.
Additional facts supporting the lower court’s conclusion are that she alleges in her petition that the accident took place approximately 150 feet south of the intersection and in her testimony she states that the accident took place approximately 100 feet south of the intersection. According to the statutes this is an improper way to execute a left hand turn on the highway of our state.
We realize that Mrs. Lanoux was a guest passenger in the car of Mrs. Castille, however it is clear, as stated by the lower court, that the burden was upon the plaintiff to prove that she gave a signal or *141 warning that she was going to make a left hand turn. She testified that she only turned on her blinker lights, which was denied by Riley. The Lower Court did not believe that the plaintiff had borne the burden of proof on this all-important fact, and there being no other proof of any negligent act on the part of Riley he was held to have been free of any negligence by the Lower Court. This conclusion is not manifestly erroneous.
For the reasons given, the judgment of the Lower Court is affirmed.