ELLIS, Judge.
Plaintiff, Willie D. Sampson, brought this suit for porperty damages to his automobile sustained in an accident with defendant, John D. Roberts’ automobile in the City of Bogalusa. From an adverse judgment in the amount of $107 as rendered by the City Court of Bogalusa, the defendant has appealed.
The uncontradicted facts, although varying in minor detail, show that the plaintiff, on May 12, 1956, was driving south on Avenue U in the City of Bogalusa. Petitioner, after giving a right hand turn signal, turned right from Avenue U into Seventh Street. While he was in the process of turning, the defendant collided with the plaintiff’s automobile striking it at the right rear portion. This caused certain damages to the plaintiff’s automobile as stated by the owner of the Lake View Auto Works, Lavo Matthews, who repaired the automobile, as follows:
“Q. What was the damage to the trunk ? A. It was a rear end collision. What we call deck lid, rear bumper, bumper bars, tail lights.
“Q. Was the frame bent on the car? A. I straightened the frame on the right side.”
*310 Defendant stated that he was approximately twenty-five or thirty feet to the rear of Sampson’s automobile prior to his beginning to turn and that when he began to turn, the defendant stated that he could not stop and ran into plaintiff’s automobile. He also stated that he applied his brakes some fifteen to twenty feet prior to striking Sampson’s automobile.
Upon investigating the accident, the police found Sampson’s automobile some twenty-five or thirty feet from the point of impact. The defendant also testified that this was the approximate distance the plaintiff’s car travelled. Defendant stated that his automobile travelled about three feet after impact and this was corroborated by the police stating that his car was just inside the intersection on Avenue U. Avenue U is a blacktop and Seventh Street is gravel, with the width of streets being approximately eighteen feet wide. The investigating officers examined both automobiles for mechnical defects and stated that they were both in proper operating order. No skid marks were found and the weather was dry. The officers also testified that there were no other witnesses to the accident but that P. K. Spikes appeared in the scene shortly after the accident. The officers stated that Spikes did not see the accident but that he heard it and went to the scene. Spikes’ testimony was quite vague. He could only establish that he did see the automobiles and heard them collide.
Plaintiff also testified that he looked in his mirror before attempting his turn and noticed that there was an automobile following him. He stated that although he saw the automobile, he was unable to judge the distance of the automobile behind him due to the fact that his rear view mirror was the type *that could be dimmed for night driving.
On appeal, defendant contends that the lower court erred in these respects: First, that the plaintiff, driving with the dimmed type mirror, was driving his automobile in violation of LSA-R.S. 32:287 and cited as authorities for this contention, Cartimiglia v. Manuel, La.App., 55 So.2d 620 and Williams v. McDowell, La.App., 71 So.2d 714. In the Williams v. McDowell case, cited supra, there was no reference to the type of mirror used by the defendant, who was making a left hand turn when struck by the plaintiff from the rear. The main thrust of that case was directed at the defendant’s negligence in failing to ascertain that no automobiles were near him, or in the act of passing him and that his entering a left hand turn was the proximate cause of the accident.
In the Cartimiglia v. Manuel case, cited supra, the plaintiff was suing for damages caused when his tractor driver made a left hand turn from the highway and the defendant’s vehicle collided with it while attempting the turn. Once again, the main thrust of the court’s opinion was directed at the dangers inherent in making a left hand turn. The court did call attention to the fact that the tractor was operating without a rear view mirror as required by Section LSA-R.S. 32:287, but no mention was made of the fact as to what type of mirror was required. The court pointed out that although the tractor driver gave a left turn signal, that the signal was not effective since his tractor seat was in the middle of the tractor rather than on the left side as a driver seat is situated in an automobile. They found that from this position, his signal could not be seen and that its effect was as though he gave no signal at all.
Both of these cases cited by defendant involved a left hand turn and are inapplicable to the facts in the case at bar. In LSA-R.S. 32:287 is quoted as follows:
“No person shall drive a motor vehicle on a public highway which motor vehicle is so constructed or loaded as to prevent the driver from obtaining a view of the highway to the rear by looking backward from the driver’s position, unless such vehicle is equipped *311 with a mirror so located as to reflect to the driver a view of the highway for a distance of at least two hundred feet to the rear.”
The main purpose of the above quoted statute is to aid a driver in viewing traffic to his rear. The statute so states .that if a vehicle is so constructed or loaded to prevent a driver from obtaining a ■clear view after looking backward, then the vehicle must be equipped with a mirror.
The statute further indicates that the mirror should be so located that the driver’s view should take in a part of the highway for a distance of at least 200 feet to ■.the rear. We cannot approve defendant’s ■interpretation of the statute to the effect •that the plaintiff is negligent or contribu-torily negligent because of his use of a ■dimmed type of mirror. As a matter of fact no evidence was adduced showing that ■this type of mirror could not reflect traffic -approaching two hundred feet from the rear.
We will now consider whether -plaintiff was contributorily negligent since the lower court correctly found defendant .to be negligent.
The rules set forth in Pinchera v. Employers Casualty Company, La.App., 73 So. 2d 623, 626, are particularly applicable to the case at bar. The facts in that case find a leading panel truck driving along an open highway and, in attempting a right hand turn, the following truck struck the leading truck turning from the highway. As in the case at bar, the court found that ■the defendant driver did not sound his 'horn, or attempt to pass in order to avoid striking the lead vehicle, but continued in the same lane behind plaintiff’s vehicle until he struck it. In considering the contributory negligence of the plaintiff, the •court recognized the following rules, and found them applicable, which we quote:
“As to the safety of the operation •of motor vehicles proceeding in the same direction, the general rule is that the driver must exercise reasonable care, that is, such care as a person of ordinary prudence would exercise under the same or similar circumstances. For instance, it has been stated by Am. Jur., Vol. 5, p. 656:
“ ‘The driver must keep a safe distance behind a vehicle ahead and must have his machine well in hand to avoid injury to the car ahead so long as the car ahead is being driven in accordance with the law of the road.
“ ‘The driver of the front car owes no duty to the rear or trailing car except to use the road in the usual way, in keeping with the laws of the road, and until he has been made aware of it, by signal or otherwise, he has a right to assume either that there is no other automobile in close proximity to his rear or that, being there, it is under such control as not to interfere with his free use of the road in front of and to the side of him in any lawful manner.’
“The rule is similarly stated in Vol. 2, Blashfield’s Cyclopedia of Automobile Law and Practice P. 107 § 931. This general principle is recognized in our jurisprudence. The court in Ardoin v. Robinson, La.App., 176 So. 228, 231, held:
“ ‘The driver of an automobile on the public highways must keep his car a safe distance behind vehicles ahead, traveling in the same direction, and must have his car under proper control so as to avoid striking the car ahead so long as the car ahead is observing the rules of the road. The driver of the front car owes no duty to the car in the rear, except to use the road in the usual way, and, until made aware of it by proper signal, he has a right to assume either that there is no other car approaching him from the rear, or else, if there is such approaching car, *312 it is under such control as not to interfere with the use of the road in his front or to his side in a lawful manner.’ ”
The court disregarded all cases cited by defendant as being inapplicable because they related to left hand turns by the leading vehicle. The court further discussed the question of the lead vehicles’ contributory negligence, as follows:
“ * * * They did not involve a right-hand turn from and out of a right-hand lane of traffic and off of the highway and thereby completely removing from any lane of traffic which the following car might choose. They did not involve a situation where, for all practical purposes, the forward car was being run down and would have apparently been smashed into had it proceeded and continued forward. No conclusion is possible from the evidence other than that the accident was caused solely and only through the negligence of defendant’s employee and that Mrs. Pinchera was free of negligence contributing thereto * * * ”.
The evidence is clear, in the case at bar, that plaintiff was driving on the right hand side of the road and, in preparing to make a right hand turn, he gave an electrical signal for a right turn. Just as he began his right hand turn, he was struck from the rear by defendant’s automobile. Plaintiff had slowed down and we feel that defendant was negligent in failing to observe plaintiff’s signal and the fact that he slowed down. Defendant maintained his speed up to the point of impact, or just prior to colliding with plaintiff’s automobile. The defendant had a duty to maintain a sharp lookout for any dangers ahead. This rule is set forth clearly in Jackson v. Cook, 189 La. 860, 181 So. 195.
It was clearly the duty of the following vehicle to maintain a safe distance between his automobile and that of the plaintiff. This rule is set forth clearly in LSA-R.S. 32:234, subd. A.
The remaining question is one of quantum. Defendant complained that plaintiff has failed to sustain the burden of proof, since it was shown in his rebuttal that there was damage to the left portion of the rear end of the plaintiff’s automobile, which was damaged prior to the accident.
It is clear from the testimony that the actual costs of repairing the automobile was $150 as testified by plaintiff as well as Mr. Matthews.
The court awarded plaintiff $107 for damages to his car which we do not find manifestly erroneous. On the question of the property damages to plaintiff’s automobile, a disinterested witness, P. K. Spikes, testified that he has seen the car before and that it was damaged on the rear end, but that he did not know the extent of the damages. Defendant had the opportunity to cross-examine Mr. Matthews, the person who repaired the automobile, but failed to discover the extent of damages to the left hand side. Mr. Matthews testified that the main portions of his work concerned the right end fender, the right rear fender and right end tail assembly.
Plaintiff also testified that this prior damage was on the left rear side of the trunk. Considering the testimony on the question of the extent of the property damages, we feel that the facts support the results reached by the trial judge that the greatest extent of the damage to the automobile was to the right rear end.
Defendant cites Pitre v. Guidry, La.App., 147 So. 767, in support of his contention that the plaintiff failed to prove any damages, however, there was no evidence whatsoever by the plaintiff of physician’s fees in that case and there is ample evidence to support the damages in the case at bar.
Defendant also cited Sullivan v. Reder, La.App., 77 So.2d 56, which is inapplicable since the court found that both parties *313 were negligent, thus barring the recovery of either plaintiff or defendant.
For the above reasons, the judgment of the lower court is affirmed.