YARRUT, Judge.
Plaintiffs appeal from a judgment dismissing their suit to recover $371.49, property damage to the automobile of plaintiff, Patureau. Plaintiffs are, respectively, the insurer and the insured, the insurer seeking recovery as subrogee of plaintiffs’ claim, less $50.00, and the insured for recovery of the $50.00 withheld by insurer under the deductible clause. When referring to the manner in which the collision occurred, reference to “plaintiff” will necessarily be to Patureau only.
At the conclusion of the case, when the trial judge was asked for reasons for dismissing plaintiffs’ suit, the reason given was “that the Court considered that the plaintiff was guilty of contributory negligence.”
Plaintiffs charged the usual acts of negligence against defendant, which defendant denied, and in turn pled, in the alternative, that the collision was due to the contributory negligence of plaintiff.
The accident occurred on the Chef Men-teur Highway, in New Orleans, on April 8, 1958, about 3:00 a. m., between the automobiles operated by plaintiff and defendant. Both vehicles were travelling in an easterly direction, or away from the city. Chef Menteur Highway, at the point of collision, is a four-lane highway, with two traffic lanes in each direction, with no neutral ground dividing the respective two-lane opposing roadways.
Plaintiffs allege that defendant was proceeding slowly in the right-hand lane and that plaintiff was overtaking and attempting to pass in the left-hand lane, when suddenly, and without warning, defendant turned left into the path of plaintiff’s automobile, causing plaintiff to strike defendant’s automobile.
Defendant contends that he was proceeding slowly and had with him a guest passenger when, suddenly and without warning, he was struck in the rear by plaintiff.
The only witnesses were plaintiff, defendant and defendant’s guest passenger, the testimony of the guest tending to corroborate defendant, but only in a vague and general manner.
Plaintiff testified that he was overtaking defendant on the highway when defendant suddenly turned left and struck him; that the highway curved slightly to the left at the point of collision; that defendant turned sharply in an attempt to negotiate a turn; that the accident was investigated by a police officer who located debris in the left-hand lane, which plaintiff contended corroborated his testimony. However, the police officer did not testify, nor was any attempt made to offer the official police report in evidence.
Defendant admitted that, as he proceeded in the right-hand lane, he did not see plaintiff at any time and was struck without warning.
*671 Since the only testimony was that of the drivers of the respective automobiles, with the corroboration, however weak, of defendant’s story by his passenger, we can reach no conclusion other than that plaintiffs have not borne the burden of proof by a preponderance of the evidence.
In addition to failing to bear the burden of proof, which should result in the dismissal of plaintiff’s suit, we have the further rule that, when two vehicles are proceeding in the same direction and one collides with the other from the rear, the burden is on the driver of the overtaking vehicle to exculpate himself from negligence. Murray v. Dupepe, La.App., 75 So.2d 252.
For the above and foregoing reasons we find no manifest error in the judgment of the trial court which involves solely questions of fact. The judgment appealed from is affirmed; plaintiffs to pay all costs.
Affirmed.