BAILES, Judge.
The plaintiffs, The Fidelity and Casualty Company of New York (F&C) and Mrs. Alceda Guedry brought this action in tort to recover damages allegedly incurred by them through the combined actionable negligence of defendant, Nathan J. Bennett, and James B. Fountain, assured of the other defendant, Employers Liability Assurance Corporation, Ltd. (Employers). F&C has sued for the sum of $763.88, comprising the various amounts which it was obliged to pay as the collision damages to Mrs. Guedty’s automobile and the sums paid to the insured and her guest passengers for physical injuries received by them in the collision under the uninsured motorist coverage of the public liability insurance policy it has issued to Mrs. Guedry. The defendant, Nathan J. Bennett, was an uninsured motorist. The other plaintiff, Mrs. Guedry, seeks to recover the sum of $100.00 representing the amount of the collision damage she was obliged to pay under the terms of the insurance policy issued to her by F&C.
In their petition, plaintiffs alleged that the collision between the Guedry, Fountain and Bennett vehicles resulted from the combined negligence of James B. Fountain and Nathan J. Bennett, and they pray for judgment, in solido, against them.
Defendant, Employers Liability Assurance Corporation, Ltd., while denying any negligence whatever on the part of its insured, James B. Fountain, filed in this action a third party petition against Nathan J. Bennett seeking recovery of one-half of any amount the court should find Employers’ liable for by reason of the combined negligence of its assured, Mr. Fountain, and defendant, Bennett, as joint tortfeasors.
After trial, the district court awarded plaintiffs judgment as prayed for, solely against Nathan J. Bennett because it found that the collision wherein these damages were incurred was the result of the sole negligence of defendant, Bennett. Defendant Bennett brings this appeal. We affirm.
The facts are that Mrs. Guedry, accompanied by her two guest passengers on the afternoon of May 12, 1964, in the City of Baton Rouge, was traveling west on Goodwood Boulevard, followed by the vehicle of James B. Fountain. When Mrs. Guedry reached Lobdell Avenue, which crosses Goodwood Boulevard, and where vehicular movement is controlled by the customary semaphore traffic signal, she turned right or north on Lobdell Avenue. She testified that the light facing her was green, and that she proceeded north on Lobdell Avenue and was not more than fifty feet from this intersection when she was struck from the rear by the Fountain automobile.
Mr. Fountain testified that he was traveling immediately in rear of Mrs. Guedry on Goodwood Boulevard and that when he reached the Lobdell intersection, the light for him was red and that as he desired to turn right (north) on Lobdell Avenue, he stopped, looked to his left and upon seeing no car coming from the south proceeded to make his right turn. He testified that when he was about eighty to ninety feet north of the intersection he was struck from the rear by the Bennett truck, the force of which propelled him into the rear of the Guedry vehicle.
Defendant, Mr. Bennett, testified that Mr. Fountain turned from the outside right lane on Goodwood Boulevard immediately in front of him as he, Bennett, was in the intersection, and that he could not avoid striking the rear of the Fountain vehicle. *625 He testified that when he saw the Fountain vehicle make the right turn he “jumped” on his brakes and skidded into the Fountain vehicle, and that he struck it on the far (north) side of the intersection.
No other witnesses testified to the facts of the accident. The two investigating officers of the Baton Rouge police department were not available, one being in Viet Nam and the other policeman being no longer employed by the city and his whereabouts unknown to the parties. Mr. Fountain testified that a friend of his at the scene measured the point of impact with the Bennett vehicle as being thirty-two paces from the intersection, however, this person did not appear as a witness at the trial.
Admittedly, the collision of the Fountain vehicle with the rear of the Guedry automobile was brought about by the impact of the Bennett vehicle striking the rear of the Fountain automobile, thereby propelling it into the Guedry vehicle.
All parties admit that the Bennett truck struck the rear of the Fountain automobile and then the Fountain automobile struck the car of Mrs. Guedry.
In his brief, appellant makes this assignment of errors of the trial court:
(1) The Court did not have sufficient evidence before it to find either defendant negligent.
(2) The Court erred in making a judgment on the basis of contradictory statements of the plaintiff and the defendant and in not drawing an unfavorable inference from the failure of plaintiff’s attorneys to call at least one police officer and one independent witness who was available to the plaintiffs and was within the peculiar knowledge of the plaintiff, Fountain.
Defendant, Bennett, further argues that “the plaintiff * * * did not carry his (sic) burden of proof by producing sufficient witnesses to prove his (sic) case by a preponderance of evidence.”
In answer to appellant’s argument that the plaintiffs have not sustained their burden of proof, we find that in an accident of this type, the plaintiffs upon showing that the Guedry automobile was either proceeding north on Lobdell Avenue observing all traffic regulations or was lawfully stopped on its side of the street, established a prima facia case of defendants’ negligence. The facts of the accident created an inference of negligence on the part of the defendants.
It is well established in our law that where two vehicles are proceeding in the same direction and the one in rear collides with the rear of the preceding vehicle, the driver of the following vehicle has the burden of proving that he is free from negligence proximately causing the accident. See Emmco Ins. Co. v. Kuss (La.App.1962), 138 So.2d 669; Foster v. Phoenix Ins. Co. (La.App.1962), 146 So.2d 647.
There were two witnesses only to testify to the facts of the accident. These witnesses were the two drivers, Mr. Fountain and Mr. Bennett. Their testimony is in hopeless conflict. If the accident occurred as defendant Bennett related, there was negligence on the part of Mr. Fountain in driving his automobile directly into the path of the Bennett automobile. On the other hand, if the accident occurred from eighty to ninety feet north of the intersection, Mr. Bennett was negligent in driving at an excessive rate of speed under the prevailing conditions. He estimated his speed through the intersection at twenty-five miles per hour and he was aware that the cars ahead of his in his lane of traffic were stopped because of congested conditions.
As between the two defendants, Nathan J. Bennett and Employers, by reason of the admitted fact that Bennett struck the rear of the Fountain vehicle and this was what initiated the chain reaction, defendant Bennett must sustain the burden of proving that the actions of Fountain proximately caused the accident. This burden must be sustained, if Mr. Bennett is to pre *626 vail, to a legal certainty and by a fair preponderance of the evidence. The trial court found that Mr. Bennett was liable for the damages sustained and that it was his negligence alone which proximately caused the accident. We find no error in the judgment of the trial court.
The defendant, Bennett, contends that we should draw an unfavorable inference from the failure of plaintiff to call at least one police officer and one independent witness who was available to plaintiffs. It must be observed that there is no proprietary interest in witnesses. Under the particular facts of this case, there was no need for plaintiffs to call the police officers. Actually, the defendant, Bennett, had more interest in calling these witnesses than did the plaintiffs. As to Mr. Fountain or Employers, the facts which Mr. Fountain related, without objections, which were within the knowledge of Mr. McGregory, the other witness not called, would have tended to exonerate Mr. Fountain of fault.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s costs.
Judgment affirmed.