LANDRY, Judge.
This action in tort results from a rear end automobile collision which took place on U. S. Highway 61, at Prairieville, Ascension Parish, Louisiana. The accident which occurred on this north-south, four-lane thoroughfare happened at approximately 11:45 A.M., July 24, 1965, a clear, dry day. The Lambert vehicle being driven northerly by plaintiff, its sole occupant, was struck from behifid by a northbound 1964 Chevrolet owned and being driven by defendant Peter J. Foy, who was accompanied by his wife. The impact took place as plaintiff was attempting a right turn into the driveway of her residence situated on the east side of the highway. The trial court rendered judgment in favor of plaintiff on finding the negligence of defendant Foy to be the sole proximate cause of the accident. Defendant has appealed praying for reversal of the judgment in favor of plaintiff and also for recovery on defendant’s reconventional demand which was rejected below. Alternatively, defendant prays the award of damages to plaintiff for personal injuries should be reduced, first, because the amount granted is excessive and secondly, because defendant Foy is a pauper and any judgment against him in excess of the aggregate sum of $350.00 would be incompatible with his ability to pay. We find no error in the judgment of the trial court and affirm same as rendered.
Excepting the question of whether Mrs. Lambert signaled her intention to execute a right turn, the facts of this lawsuit are undisputed. Prior to the mishap, plaintiff left her home to go to the post office situated a short distance north of her residence on the opposite or west side of the highway.
To accomplish this mission, she made a right turn out of her driveway and traveled a short distance northerly to a break in the neutral ground of the highway where she turned left. At this point she crossed the southbound lanes of travel and entered the post office premises. After completing her chore, plaintiff proceeded homeward in the southbound lanes of the highway by traveling to the nearest crossing point, approximately four blocks south of her residence. On reaching the break in the median, plaintiff turned left and drove northerly, in the outside lane of travel, toward her residence. As plaintiff approached her driveway, she began to reduce her speed and gradually angle her vehicle off the roadway onto the shoulder of the highway preparatory to turning right into what is conceded to be a rather narrow driveway. When plaintiff’s vehicle reached a point just south of the driveway, it was struck from the rear by defendant’s automobile and propelled approximately twenty feet forward back onto the roadway.
Defendant Foy, accompanied by his wife, was proceeding to Baton Rouge from New Orleans, Louisiana, to attend a funeral to be held in the early part of that afternoon. Foy had been traveling at a speed of 60 to 65 miles per hour, the maximum legal limit on the highway being 70 miles per hour. It is conceded traffic on the highway was heavy.
Plaintiff testified that when she was approximately two blocks south of her driveway, she activated the mechanical turn indicator with which her vehicle was equipped and also gave a manual signal of her intention to turn. According to plain *13 tiff, she slowed the progress of her car and devoted her primary attention to the turn since the driveway was somewhat narrow. She did not observe defendant’s vehicle to her rear. She also stated that the last time she looked in her rear view mirror the nearest vehicle was quite some distance behind her.
The accident was investigated by Trooper Phillip J. Pizzolato of the Louisiana State Police. The Trooper testified he observed skid marks left by defendant’s vehicle which marks measured 35 paces. From this, Trooper Pizzolato estimated defendant’s automobile skidded 100 feet. He also found the skid marks led directly to the point of impact which occurred just as plaintiff’s car was about to enter the driveway. The Trooper also found both vehicles on the highway approximately 20 feet north of plaintiff’s driveway, the cars being so enmeshed by the impact they could not be separated by ordinary means.
Defendant Foy testified he had been traveling in the inside lane at a speed of 60 to 65 miles per hour but that approximately three-quarters of a mile from the scene of the accident, he was forced into the outside lane by faster moving traffic. His movements thereafter, until the moment of impact, were, in his own words, described as follows:
“ * * * I put my signals on and pulled in the right lane. Then I continued just about three-quarters of a mile and these cars were passing me when suddenly, about 125 feet ahead of me, I saw this car with no tail-lights, no stoplights, no signals at all, and I could see myself advancing on it, and I jammed my brakes, which caused me to slide somewhere around 75 to 100 feet before I hit her. I had no other alternative. I couldn’t go to the right, I would have turned over and probably killed us. If I had gone to the left, I would have crashed into the cars that were passing.”
Mrs. Foy’s testimony is substantially the same as that of her husband. She stated she was looking ahead and saw the Lambert car but observed no signal of any kind. In effect she testified the Lambert vehicle was stopped on the highway. She also testified she alerted her husband to its presence by crying out when she realized an impact was imminent.
Mrs. Lambert’s, brother-in-law, Allen Braud, sister-in-law, Mrs. Johnny Ballard, and brother, James Ballard, were visiting Mrs. Lambert on the date of the accident. These parties were either on the front porch of plaintiff’s home, located approximately 60 feet from the highway, or in the front yard adjacent to the roadway. In essence they testified they heard the squeal of defendant’s brakes and upon looking toward the highway saw defendant’s automobile crash into the rear of plaintiff’s car as the latter vehicle was about to commence its turn into the driveway.
The trial court found Foy’s negligence in failing to maintain a proper lookout, neglecting to keep a proper distance between his vehicle and that of plaintiff and failing to reduce his speed when he should have observed the slower moving vehicle ahead, to be the sole proximate cause of the accident. In addition, the lower court concluded defendant was not faced with an unusual or unexpected hazard which careful observance of the road ahead would not have revealed. The trial court also found plaintiff was not contributorily negligent in attempting a right turn under the circumstances inasmuch as she had a right to so maneuver and defendant failed to refute the presumption of negligence attending his crashing into the Lambert vehicle from the rear. On this basis, the lower court rendered judgment in favor of plaintiff in the sum of $987.62 in compensation for the total loss of her vehicle, $300.00 for personal injuries and $148.51 special damages, or a total of $1,436.13.
Counsel for appellant cites numerous instances in which a right turning driver was held at least contributorily negligent in causing an accident and therefore barred *14 from recovery. Based on these authorities appellant argues plaintiff should be held solely at fault and judgment rendered against plaintiff and in favor of defendant on defendant’s reconventional demand. Alternatively, appellant contends plaintiff’s contributory negligence should bar plaintiff’s recovery. In the further alternative, appellant claims the awards are excessive and should be reduced.
The question of negligence is purely one of fact to be resolved in the light of the circumstances peculiar to each case.
We affirm the ruling of the trial court on the finding that the following statement of law found in Fidelity & Cas. Co. of N. Y. v. Employers L. Assur. Corp.; La.App., 205 So.2d 623, is applicable to the case at hand.
“It is well established in our law that where two vehicles are proceeding in the same direction and the one in rear collides with the rear of the preceding vehicle, the driver of the following vehicle has the burden of proving that he is free from negligence proximately causing the accident. See Emmco Ins. Co. v. Kuss (La.App. 1962), 138 So.2d 669; Foster v. Phoenix Ins. Co. (La.App. 1962), 146 So.2d 647.”
It is now well settled that the onus rests on the overtaking driver to satisfactorily exculpate himself from the presumption of negligence attending his striking a lead vehicle from the rear. For obvious reasons the burden is greater with regard to the following driver who strikes a right turning vehicle as compared to the motorist who collides with a left turning automobile.
The trial court concluded plaintiff did in fact signal her intention to turn as she testified. With this determination, we find no fault. In the instant case, defendant, the overtaking driver, testified he had been in the outside lane of travel for approximately three-quarters of a mile before the point of impact. Since plaintiff was properly signaling her intended maneuver, there appears no reason why defendant could not have timely observed both the presence of plaintiff’s automobile and the signal being given of her intention to turn. That defendant did not observe the Lambert car until he was slightly more than 100 feet away can, under the circumstances, only mean defendant failed to maintain a proper lookout. After attaining the outside lane, there was nothing to obstruct defendant’s view of plaintiff’s automobile. Had defendant been alert to the surrounding circumstances, he should have seen plaintiff’s slow moving vehicle and stopped his own car in time to avoid a collision.
We find no merit in plaintiff’s answer to defendant’s appeal wherein plaintiff prayed for an increase in award of damages for personal injuries sustained. The record reveals plaintiff’s injuries were slight and required no hospitalization. Minimal drug bills in the sum of $3.51 and medical expense in the aggregate of $145.00 were contracted in treatment of plaintiff’s injuries.
Plaintiff did not produce her treating physician, Dr. Lucas. Plaintiff testified she suffered injuries to her neck, back, shoulder and leg. According to plaintiff, she experienced neck, back and shoulder pains for approximately three to four months following the accident during which interval she could not resume her occupation as waitress. Plaintiff also testified she was unable to control her leg. She explained the leg was not painful but would “just give way on me”, causing her to fall.
Defendant Foy prosecuted his reconven-tional demand and appeal herein in forma pauperis. It is shown he is self-employed as a washing machine repairman. He lives in a home owned by his wife’s family, the residence being mortgaged to secure a loan made to effect improvements thereto. It likewise appears Foy has no bank account. Additionally, the furniture in defendant’s residence, though owned mostly by the wife, is mortgaged. The automobile which was involved in the accident was purchased *15 in the name of defendant’s wife because of defendant’s poor credit rating. It is further shown that defendant is heavily obligated for medical expense incurred in treatment of severe injuries sustained by his wife in the accident. Defendant’s average income is not clearly reflected in the record. Obviously defendant carried no liability insurance. From the foregoing analysis of defendant’s financial status, we can reasonably infer his income to be somewhat meager.
 It is settled law that the financial ability of a defendant to pay is a circumstance' to be considered in assessing an award for damages. Howell v. Knight, La.App., 193 So.2d 282. In view of defendant’s pecuniary circumstances, we believe the award of the trial court does substantial justice between the litigants at bar.
Nor do we find any merit in plaintiff’s demand for damages for alleged frivolous appeal. From the manner in which counsel for appellant has prosecuted this appeal, we are convinced his motives for appealing were sincere.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.