235 So.2d 162 (1970)
Ophie T. COATES, Jr.
v.
Michael S. MARCELLO and Allstate Insurance Company.
No. 3932.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1970.
Schroeder, Kuntz & Miranne, Herman M. Schroeder, New Orleans, for plaintiff-appellant.
Porteous, Toledano, Hainkel & Johnson, C. Gordon Johnson, Jr. and Drury, Lozes & Curry, Felicien P. Lozes, New Orleans, for defendants-appellees.
Before REGAN, LeSUEUR and SWIFT, JJ.
SWIFT, Judge.
This action arose from a three car collision which occurred about 6:30 P.M. on December 11, 1966, on the Lake Pontchartrain Causeway at the north drawbridge. The three cars involved in the accident were driven by William T. Sumpter, in the lead vehicle, plaintiff, Ophie T. Coates, Jr., in the second car, and Michael S. Marcello in the third automobile.
Plaintiff filed suit for personal injuries and property damage against Mr. Marcello and his insurer, Allstate Insurance Company. These defendants answered and filed a third party demand against State Farm Mutual Automobile Insurance Company, the insurer of William T. Sumpter, for full indemnification, and alternatively for fifty per cent contribution, in the event judgment was rendered against defendants in favor of plaintiff in the principal action. *163 After a trial on the merits the district judge ruled for the defendants on the main demand and dismissed the third party action against State Farm. From this judgment plaintiff has appealed. No appeal has been taken from the judgment on the third party demand, and therefore it is not before this Court.
Sumpter testified that as he traveled south along the causeway (toward New Orleans) he drove somewhere between fifty and sixty miles per hour. Approaching the decline of the drawbridge he saw a vehicle stopped some 600 feet away and another vehicle slowing and stopping behind the parked vehicle. Sumpter was able to come to a normal stop and avoid a collision with the parked vehicles. Within one or two seconds after stopping, the Coates vehicle collided with the rear of the Sumpter vehicle. In about the same space of time the Marcello vehicle collided with the rear of the Coates vehicle, causing it to strike the Sumpter vehicle again.
Plaintiff testified that as he traveled south on the causeway at about sixty miles per hour and got almost to the top of the drawbridge he saw the Sumpter vehicle stopped about 150 feet ahead. Even though his brakes were applied immediately, he was unable to avoid striking the stopped automobile. Within a few seconds his car was struck in the rear by the Marcello vehicle.
Mr. Marcello testified that when he reached the top of the drawbridge he was driving about 50 miles per hour. From that point he saw the Coates vehicle approximately 100 feet away. He immediately applied his brakes, but could not avoid colliding with plaintiff's car.
Plaintiff admits his negligence caused the first collision with the Sumpter vehicle, but contends that he contributed in no way to the second impact, this being caused solely by the negligence of Marcello.
The trial judge found that Coates was negligent in following the preceding vehicle too closely, causing him to execute a sudden and unexpected stop which directly contributed to the second collision wherein plaintiff allegedly was injured.
The jurisprudence is clear that the driver of a following vehicle must keep his vehicle under control, follow at a safe distance and carefully observe the forward vehicle; and if a rear-end accident occurs the driver of the following vehicle is generally presumed to be negligent. Foster v. Phoenix Insurance Co., 146 So.2d 647 (La.App., 1st Cir.1962), Barnes v. Toye Brothers Yellow Cab Company, 204 So.2d 83 (La.App., 4th Cir.1967), Fidelity & Casualty Co. of New York v. Employers Liab. Assur. Corp., 205 So.2d 623 (La.App., 1st Cir.1967), Lambert v. Foy, 224 So.2d 11 (La.App., 1st Cir.1969). However, an exception to the general rule of law is recognized in instances where the lead vehicle negligently creates a hazard which the following automobile cannot reasonably avoid. Emmco Insurance Company v. St. Lawrence, 127 So.2d 202 (La.App., 4th Cir. 1961), Vander v. New York Fire & Marine Underwriters, Inc., 192 So.2d 635 (La.App., 3rd Cir.1966).
Mr. Sumpter testified he was able to bring his vehicle to a gradual, controlled, stop and avoid striking the rear of the preceding vehicle. It is evident his stop was not sudden or unexpected and if Mr. Coates had been following at a safe distance and maintaining a proper lookout he could have avoided striking the Sumpter vehicle. Unquestionably, the plaintiff was negligent in these respects.
We find no manifest error in the conclusion of the trial judge that plaintiff's negligent participation in the first collision was causally connected with the second collision. By following the preceding vehicle too closely, Mr. Coates had to make a sudden and uncontrolled stop upon seeing the preceding vehicle in a parked position, and thereby created a dangerous hazard for Mr. Marcello. The record shows that the collisions occurred within seconds of *164 one another. Thus, there is substantial support for the trial judge's finding that plaintiff's negligence was a proximate cause of the second collision and barred his recovery in this suit.
For the foregoing reasons the judgment of the lower court is affirmed at appellant's cost.
Affirmed.