LEMMON, Judge.
This is an appeal by defendant Pat J. Marocco from a judgment against him, awarding property damages in the amount of $495.91 to William S. Vincent and his subrogated collision insurer.
The automobile accident occurred on Saturday, May 24, 1969 at 8:00 p. m. on Metair-ie Road in Jefferson Parish. A hard rain had occurred earlier in the day, and it was still drizzling at the time of the accident.
Plaintiff, traveling toward New Orleans on this two lane thoroughfare in heavy traffic, observed a left turn signal light on the preceding car and slowed to a stop. Just as he stopped, his car was struck from the rear by a Chevrolet driven by defendant’s minor son, the collision causing plaintiff’s car to strike the preceding vehicle. Plaintiff sustained damages to the front and rear of his car.
Defendant contends that this was not the usual rear-end collision situation, but rather that plaintiff struck the preceding car first. Being startled, defendant hit his brakes harder than usual and skidded into plaintiff’s car.
Defendant’s testimony was corroborated by that of his girl friend, who was a passenger in his car. Defendant also called Joseph Gullo, who was working at the Dixie Maid on Metairie Road near the scene of the collision. The witness indicated that plaintiff struck the preceding car first, but used the word “simultaneously” in his testimony, later explaining that he meant “one hit right after another.”
The conclusion is inescapable that defendant was following plaintiff’s vehicle too closely. Defendant admitted that he had seen the first of the three cars slowing to make a left turn, yet he was unable to stop without striking the second (plaintiff’s) car. He is thus negligent by his own testimony, regardless of the order of the two collisions. The jurisprudence is well settled that the operator of a following vehicle is required to keep his automobile under control, to observe the forward vehicle, to follow at a safe distance, and where a rear end collision occurs, the following vehicle is generally presumed to be negligent. Barnes v Toye Brothers Yellow Cab Company, 204 So.2d 83 (La.App. 1967); Coates v. Marcello, 235 So.2d 162 (La.App. 1970). Here, the evidence does not indicate that plaintiff caused a hazard which defendant could not reasonably avoid.
If the plaintiff was himself negligent in striking the preceding car, a portion of the property damage would possibly be attributable to this cause. However, the trial judge chose to believe plaintiff[1] and disregard defendant and his two witnesses, and we find no manifest error in this decision. St. Amant v. Travelers Insurance Company, 233 So.2d 23 (La.App.1970).

Damages

Defendant contends that when his brakes grabbed, his car slid slowly into plaintiff’s auto. He further contends that some of the damages pre-existed this accident. On the other hand, plaintiff claims to have been *346 jolted by the blow from the rear, which was of sufficient force to propel him into the preceding vehicle. Since we have decided that defendant was negligent and plaintiff was not, then defendant is liable for all damage to plaintiff’s car resulting from this accident.
An expert mechanic from Star Chrysler described in detail the damage to the rear bumper, tail light, trunk and quarter panel and to the front bumper, fender, hood, grill and molding. His estimate of damages, used for payment under the collision policy, was introduced into the record and was the exact amount awarded by the trial judge. His testimony that all damage was new, supported by his assertion that he always notes old damage at the bottom of the estimate sheet, is sufficient to overcome defendant’s testimony that plaintiff’s tail lights were broken but that there was no glass in the street. We therefore find that plaintiff has borne the burden of proving that all damages resulted from this accident.
For the reasons assigned, the judgment of the district court is affirmed, appellant to pay all costs.
Affirmed.

. We note that plaintiff attempted to call as rebuttal witnesses the driver and passenger in the left turning vehicle, but was not allowed to do so, since the trial judge was satisfied that plaintiff had made a case without the necessity of calling them.