KLEES, Judge.
This is an appeal from a summary judgment dismissing plaintiff’s action for damages against Clarence Andrews and his insurer, State Farm Mutual Automobile Insurance Company. We affirm.
On July 20, 1988, plaintiff was a guest passenger in a vehicle owned and operated by Chris Esta, (vehicle # 1) The vehicle came to a stop due to traffic congestion. Defendant Clarence Andrews operated a second vehicle which was stopped behind vehicle # 1 when a third car, operated by William S. Andrews, struck the rear of the vehicle operated by Clarence Andrews, which in turn, struck the rear of vehicle # 1, occupied by plaintiff.
Defendant filed a Motion for Summary Judgment claiming that because the defendant’s vehicle was stopped behind vehicle # 1 when it was struck from the rear by William Andrew’s vehicle and pushed into vehicle # 1, they are not liable for injuries to plaintiff. Attached thereto was a sworn affidavit executed by defendant, Clarence Andrews, establishing the foregoing facts.
A motion for summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The burden of showing that there is no genuine issue of material fact and mover is entitled to judgment as a matter of law is incumbent upon the mover, and all doubt must be resolved against the mover and in favor of trial on the merits. Chaisson v. Dominque, 372 So.2d 1225 (La.1979).
A hearing on the Motion for Summary Judgment was held on March 12, 1990, and judgment was rendered granting the summary judgment, dismissing suit against defendant, the court finding that there was no issue of material fact and that movers were entitled to judgment as a matter of law.
The jurisprudence has established that the driver of a following vehicle must keep his vehicle under control, follow at a safe distance, and carefully observe the forward vehicle. Cosse v. Bruley, 445 So.2d 41 (La.App. 4th Cir.1984), Coates v. Marcello, 235 So.2d 162 (La.App. 4th Cir.1970). Thus, the driver of a rearending vehicle is presumed to be negligent, unless he exculpates himself from this presumption. McKinley v. Bekin’s Moving and Storage Company, 449 So.2d 705 (La.App. 5th Cir.1984), writ denied, 456 So.2d 167, Coates v. Marcello, supra. Therefore, the burden was on Clarence Andrews to establish that his vehicle came to a safe and controlled stop behind the vehicle in which plaintiff was a guest passenger. Defendant’s affidavit established that his vehicle was at a complete stop when it was struck by the third vehicle.
On appeal, plaintiff questions whether Clarence Andrews was at a complete stop when hit and whether there was possibly contact between plaintiff’s vehicle and defendant’s vehicle prior to the third vehicle striking defendant’s vehicle. However, plaintiff offered no countervailing evidence to contradict defendant’s affidavit.
A party who opposes a properly supported Motion for Summary Judgment cannot rely upon the bare allegations or denials of his pleadings, but must respond by affidavit or as otherwise provided that must set forth specific facts showing the existence of a genuine material issue for trial. LSA-CCP Articles 966 and 967.
Therefore, because the facts established by the affidavit of defendant are not disputed by affidavit or evidence from the plaintiff, the trial court properly granted the Motion for Summary Judgment.
AFFIRMED.